KNIGHT, ADMX., *v.* SCHLACHTER ET AL.

(Decided November 21, 1927.)

*Messrs. Payer, Minshall, Karch & Kerr,* for plaintiff in error.

*Messrs. Smith, Baker, Effler & Eastman,* for defendant in error.

RICHARDS, J. On June 25, 1926, the plaintiff, Abbie J. Knight, filed a petition in the court of common pleas against Joseph Schlachter and Lee Entsminger, averring that she was the administratrix of

Anna J. Reynolds, who came to her death on July 10, 1924, under the circumstances averred in the petition. As set forth in the petition, those circumstances are, in substance, that the decedent, Anna J. Reynolds, was a passenger on that date in a motor vehicle operated by Lee Entsminger, proceeding in a westerly direction, that they met the defendant Joseph Schlachter, who was operating a motor vehicle proceeding in an easterly direction, and that by reason of the negligence of the defendants the two vehicles collided, resulting in the death of the decedent. Summons against each of the defendants was issued when the petition was filed, and service was had upon the defendant Entsminger prior to July 10, 1926, but the summons for the defendant Schlachter was returned without service having been made on him.

On January 24, 1927, an alias summons was issued against Schlachter, and service thereof made on him shortly thereafter. The defendant Schlachter thereupon appeared in court and filed a motion to set aside the service of summons on him on the ground that it was invalid in law, which motion was granted by the court, and thereupon the court dismissed the action as to him.

This proceeding in error is brought to secure a reversal of the order dismissing the action as to Schlachter. The record discloses that no service was made on the defendant Schlachter within the two-year period fixed by Section 10772, General Code, and no summons was served on him until about six months after the expiration of such period. It is urged, however, that by virtue of the provisions of Section 11230, General Code, the service made on

his codefendant, Entsminger, saved the right of action as to him. That section reads as follows:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

The argument is that Schlachter and Entsminger were "united in interest" within the meaning of that statute. According to the averments of the petition, they were not conspiring or acting designedly in concert to bring about the collision which resulted in the injury to the decedent, for they were driving separate vehicles in opposite directions. Undoubtedly an action could have been brought against each one separately, or the two defendants could be sued together, as was attempted. Section 11256, General Code, provides that parties who are united in interest must be joined as plaintiffs or defendants. Surely the interests of these defendants were not so united as to require their joinder. On the trial of the action brought against both of them, their interests would largely be adverse to one another. In *McCord* v. *McCord,* 104 Ohio St., 274, 135 N. E., 548, it was held that codefendants were only united in interest within the meaning of Section 11230, General Code, when they are similarly interested in and will be similarly affected by the determination of the issues, and the petition was dismissed on motion, when it appeared no cause of action existed. *Moore* v. *Chittenden,* 39 Ohio St., 563, was a case in which

various defendants were jointly sued for a wrong claimed to have been committed by their fraudulent acts, and it was held that they were not united in interest within the meaning of the statute involved in this action.

It must be remembered that in the section which creates a right of action to recover damages for death by wrongful act, the period of two years within which such action must be commenced is a condition attached to the right of action, and not a limitation, and the only exception is provided in the section itself, and that exception does not apply to the case at bar. The two-year period having elapsed, there was no cause of action in existence in favor of the plaintiff. *P., C. & St. L. Ry. Co.* v. *Hine,* 25 Ohio St., 629, 635; *Bonte* v. *Taylor,* 24 Ohio St., 628.

We find it unnecessary to determine whether the motion to quash service of summons was broad enough to justify the court in entering an order dismissing the action as to Schlachter. The court, having discovered, by the averments of the petition and by the record, that no cause of action existed as against the defendant Schlachter, might well, of its own motion, have dismissed the action as to him.

*Judgment affirmed.*

WILLIAMS and LLOYD, JJ., concur.

LLOYD, J., concurring. I concur in the judgment of affirmance because the question involved relates not to the jurisdiction of the court of the person of the defendant Schlachter, but to the jurisdiction of the cause of action. The defendant could not have

entered his appearance, or in any way have conferred upon the court jurisdiction of the alleged cause of action, for the reason that the record discloses that no cause of action in fact existed as to him.

Section 10770 of the General Code creates a cause of action which otherwise would not exist. If an action to enforce the right so given is not commenced within two years after the death of the decedent, as provided in Section 10772, then the cause of action so created ceases to exist. There is then no cause of action of which the court has or can obtain jurisdiction. This being true, the court possessed the power to dismiss the petition of the plaintiff as to the defendant in question, regardless of the manner in which the court was advised of such want of jurisdiction; but there was no defect in the manner of the service of the summons, and therefore the motion to quash should have been overruled. But, nevertheless, for the reasons stated, the judgment of dismissal was correct and should be affirmed.