**BROOKS, Appellant,**

**v.**

**OHIO STATE UNIVERSITY, Appellee.**

[Cite as *Brooks v. Ohio State Univ.* (1996), 111 Ohio App.3d 342.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95API11–1407.

Decided May 14, 1996.

*Michael P. Jackson,* for appellant.

*Vorys, Sater, Seymour & Pease, Suzanne K. Richards* and *Douglas R. Matthews,* for appellee.

BOWMAN, Judge.

Appellant, Juliana H.J. Brooks, is a licensed medical doctor who was formerly employed by appellee, the Ohio State University ("OSU"). On March 2, 1992, appellant filed suit in the Ohio Court of Claims asserting numerous claims against the state arising out of the alleged actions of five OSU employees: Dr. John S. McDonald, Chairman of the Department of Anesthesiology of the OSU College of Medicine and Professor of Anesthesiology; Dr. Gaylynn J. Speas, Clinical Assistant Professor of Anesthesiology and Surgery for the OSU College of Medicine; Dr. William L. Smead, Associate Professor in the Department of Surgery for the OSU College of Medicine, Chief of the Division of General Vascular Surgery and Vice Chair of the Department of Surgery; Dr. Hagop Mekjhian, Professor of Medicine in the Department of Internal Medicine, Assistant Vice President for Health Services, Associate Dean of Clinical Affairs for the OSU College of Medicine and Medical Director of OSU Hospitals; and Dr. Charles A. Bush, Associate Professor in the Department of Internal Medicine for the OSU College of Medicine. In her complaint, appellant requested a determination, pursuant to R.C. 2743.02(F), as to whether the five named employees were entitled to personal immunity under R.C. 9.86.

On April 24, 1992, the Court of Claims stayed this action pending resolution of a companion case which had been filed in the Franklin County Court of Common Pleas, wherein appellant asserted claims against the Ohio State Anesthesia Corporation ("OSAC"), a private corporation comprising all of the physicians practicing anesthesiology at OSU Hospitals, arising out of the same actions which form the basis for this lawsuit. The common pleas court ultimately granted summary judgment in favor of OSAC and that decision was affirmed on appeal to this court. *Brooks v. Ohio State Anesthesia Corp.* (Mar. 14, 1995), Franklin App. No. 94APE08–1138, unreported, 1995 WL 116690.

On May 21, 1992, the Court of Claims temporarily lifted the stay in order for the court to consider a motion to dismiss filed by appellee on May 18, 1992. On July 21, 1992, the Court of Claims dismissed appellant's claims against appellee, which alleged violations of Sections 1983, 1985 and 1986, Title 42, U.S. Code, and the federal and state constitutions. On May 11, 1995, the Court of Claims lifted the stay and the case was set for hearing.

Prior to the hearing, appellee filed a motion for partial summary judgment, based on the immunity that peer review/quality assurance committee members are entitled to under R.C. 2305.25 and Section 11111, Title 42, U.S.Code, and a motion for protective order and/or motion *in limine,* based on R.C. 2305.251, which precludes the discovery and admissibility of proceedings and records of peer review committees and of testimony concerning actions of peer review

committees and their members. The court conducted an *in camera* review of the records, documents, transcripts and other information of the review committee proceedings relevant to this matter after which the court entered an order that stated:

"[T]he court hereby GRANTS a protective order pursuant to R.C. 2305.24 and R.C. 2305.251, with regard to any proceedings and/or records of the Medical Staff Administration Committee, the Hospital Quality Assurance/Utilization Management Committee, the Department of Anesthesiology Quality Assurance/Utilization Management Committee, regard the suspension of plaintiff's medical privileges and/or the renewal of plaintiff's privileges. Furthermore, the Court GRANTS defendant's motion *in limine* with regard to testimony, as to evidence or other matters produced or presented during the proceedings of these quality assurance committees, or as to any finding, recommendation, evaluation, opinion, or other action of these quality assurance committees or the members thereof."

A hearing was commenced on September 21, 1995, wherein testimony was heard on the immunity issue. Numerous exhibits were entered into evidence during the hearing, while others were sealed pursuant to court order. On October 16, 1995, the court entered a written decision and entry finding that appellant's claims against each of the five OSU employees were based on actions they took in the course of their duties as members of various quality assurance committees at OSU Hospitals and that, in performing these duties, they acted within the scope of their employment with OSU. The court also found that none of the five OSU employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner against appellant. As a result, the court found that all five OSU employees were entitled to personal immunity, pursuant to R.C. 9.86, and that the common pleas court did not have jurisdiction over the civil actions against them.

Appellant now brings this appeal, asserting the following assignment of error:

"The court of claims erred when it granted five state employees individual immunity for their actions."

Within this assignment of error, appellant has presented two issues for review. The first is appellant's assertion that the trial court erred in construing R.C. 2305.24, 2305.25 and 2305.251 so that all of the evidence, proceedings and acts of the various quality assurance committees were inadmissible as evidence. Appellant asserts that R.C. 2305.24, 2305.25 and 2305.251 conflict and that the trial court erred in construing them so that full force and effect was given to R.C. 2305.251, which, in effect, eliminated the right of action created by R.C. 2305.25.

R.C. 2305.251 provides:

"Proceedings and records of all review committees described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional, a hospital * * * arising out of matters which are the subject of evaluation and review by the committee. No person in attendance at a meeting of a review committee or serving as a member of a review committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the committee or as to any finding, recommendation, evaluation, opinion, or other action of the committee or member thereof. * * * [T]he witness cannot be asked about his testimony before the committee or opinion formed by him as a result of the committee hearing."

Appellant asserts that the first sentence of R.C. 2305.251 states that, in a lawsuit arising out of matters that were the subject of a quality assurance committee's review, committee proceedings and records are confidential, and that the second sentence states that, in a civil action, no evidence can be introduced about any matters presented to a quality assurance committee or to its finding, recommendation, evaluation, opinion or other action. Appellant asserts that there is a great difference in the scope of these two sentences and she urges this court to invoke the doctrine of *ejusdem generis.*

■ The doctrine of *ejusdem generis* provides that "[w]here general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated." *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 167, 502 N.E.2d 611, 613. In *State v. Greenburg* (Sept. 30, 1986), Franklin App. No. 86AP–286, unreported, 1986 WL 11090, this court stated that the reason behind this principle of statutory construction is that, if the legislature meant the general words to be applied without restriction, it would have only used the general terms, rather than specifically enumerating certain subjects, objects or persons followed by general terminology.

R.C. 2305.25 provides:

"No hospital, no state or local society, and no individual who is a member or employee of any of the following committees shall be liable in damages to any person for any acts, omissions, decisions, or other conduct within the scope of the functions of the committee:

"(A) A utilization review committee, quality assurance committee, * * * which is a member of the hospital or of which the hospital is a member * * *;

"(B) A board or committee of a hospital * * * reviewing professional qualifications or activities of the hospital medical staff * * *;

" * * *

"(E) A peer review committee, professional standards review committee, * * * composed of doctors, * * * psychologists, or registered pharmacists;

" * * *

" * * * No person who provides information under this section and provides such information without malice and in the reasonable belief that such information is warranted by the facts known to him shall be subject to suit for civil damages as a result thereof."

Appellant asserts that R.C. 2305.25 provides a qualified immunity for a member of a quality assurance committee; however, that immunity can be negated if the member acts outside the scope of the committee's functions or if the member provides information with malice or without a reasonable belief that the information is warranted by the facts known to the member. This court notes that actual malice, for purposes of a qualified privilege case, was defined in *Jacobs v. Frank* (1991), 60 Ohio St.3d 111, 573 N.E.2d 609, as "acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity."

R.C. 2305.24 provides:

"Any information, data, reports, or records made available to a quality assurance committee or utilization committee of a hospital * * * shall be confidential and shall be used by the committee and the committee members only in the exercise of the proper functions of the committee. * * * A right of action similar to that a patient may have against an attending physician for misuses of information, data, reports, or records arising out of the physician-patient relationship, shall accrue against a member of quality assurance committee or utilization committee for misuse of any information, data, reports, or records furnished to the committee by an attending physician. * * * "

Appellant asserts that the confidentiality requirement in R.C. 2305.24 is a rule of conduct for quality assurance committees and is not a privilege to keep evidence from a court. If any other interpretation is used, appellant argues, R.C. 2305.24 would then establish a right of action for misuse of information provided to a quality assurance committee but would prevent any evidence from being offered to show that the information was provided and then misused. In addition, appellant asserts that R.C. 2305.24 establishes immunity for a physician who furnishes information about a patient that he treated, but does not establish immunity for everything the physician might have done with regard to that patient.

In sum, appellant argues that the trial court's misinterpretation resulted in the trial court's granting a broad protective order and motion *in limine.* In addition,

appellant contends that the trial court's decision extended the protection in R.C. 2305.25 to committees not covered under the statute. Appellant asserts that the material before the Medical Staff Administrative Committee ("MSAC") and the Special Review Committee ("SRC"), as well as the report of OSU Law School Professor Joan Krauskopf[1] and the material she examined, should have been admissible, and the trial court's exclusion of it prevented appellant from using it to show that the five OSU employees were not entitled to immunity.

The paramount goal in the interpretation or construction of a statute is to ascertain and give effect to the legislature's intent in enacting the statute. *Featzka v. Millcraft Paper* (1980), 62 Ohio St.2d 245, 16 O.O.3d 280, 405 N.E.2d 264. Words and phrases must be read in context and construed according to common usage. *Ohio Bus Sales, Inc. v. Toledo Bd. of Edn.* (1992), 82 Ohio App.3d 1, 610 N.E.2d 1164; R.C. 1.42. If the language used in a statute is clear and unambiguous, this court need not interpret the statute since it may be applied as it is written. *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 23 O.O.3d 341, 433 N.E.2d 142; *Deaton v. McIntosh* (1992), 82 Ohio App.3d 688, 612 N.E.2d 1316. It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute. *Kroff v. Amrhein* (1916), 94 Ohio St. 282, 114 N.E. 267; R.C. 1.49. It is the duty of this court to construe statutes which explicitly refer to each other so that they are consistent and harmonious with a common policy and give effect to the legislative intent. *Suez Co. v. Young* (1963), 118 Ohio App. 415, 25 O.O.2d 315, 195 N.E.2d 117.

In *Gates v. Brewer* (1981), 2 Ohio App.3d 347, 2 OBR 392, 442 N.E.2d 72, this court noted that, by placing a blanket of confidentiality over medical disciplinary and review proceedings, the legislature provided for a manner in which a hospital may take remedial measures for the improvement of the care and treatment of patients. Since these proceedings are not subject to discovery, candid and conscientious opinions or evaluations necessary to the success of peer review are available without the fear that a civil action could be brought against a colleague or a hospital. This permits hospital and medical review committees to evaluate a practitioner or clinical method for disciplinary measures or improvement. The end result is the legitimate purpose of improving the quality of health care to the public. That was the legislative intent behind these statutes.

This court finds that R.C. 2305.24, 2305.25 and 2305.251 are clear and unambiguous and, therefore, do not need to be interpreted by this court. In addition, this court finds that the doctrine of *ejusdem generis* need not be applied to R.C.

---

1. Krauskopf evaluated the MSAC proceedings at the request of Ohio State University President, Dr. E. Gordon Gee, and issued a report based on her evaluation.

2305.251, as the words of the statute are clear: proceedings and records of all review committees described in R.C. 2305.25 shall be held in confidence and are not subject to discovery or introduction into evidence in any civil action against an institution or health care professional arising out of matters which are the subject of evaluation and review by the committee. Further, no person attending a committee meeting shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the committee proceedings. In addition, no person attending a committee meeting shall be permitted or required to testify in any civil action as to the committee's, or any committee member's, finding, recommendation, opinion, evaluation or other action.

This court finds that the trial court correctly applied R.C. 2305.24, 2305.25 and 2305.251. Any materials, opinions, recommendations, findings, evaluations, evidence or other action occurring in any peer review proceedings were not admissible as evidence in this trial. This includes any quality assurance committee proceedings, MSAC proceedings, SRC proceedings and Krauskopf's report, as it was prepared as part of the peer review process as well.

Appellant's second issue presented for our review is that the trial court abused its discretion in finding that the five OSU employees were entitled to immunity. Appellant asserts that the evidence shows that their actions were outside the scope of their employment and were done with malice. In essence, appellant is asserting that the trial court's decision is against the manifest weight of the evidence.

When reviewing a trial court's decision to determine whether it is against the manifest weight of the evidence, a court of appeals is guided by the presumption that the findings of the trial court were correct. The rationale for the presumption is that the trial court is in the best position to view witnesses and observe their demeanor, voice inflections and gestures. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Thus, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

An employee's acts are within the scope of his employment unless the act is so divergent that the very nature of it severs the relationship between an employer and employee. *Wiebold Studio, Inc. v. Old World Restorations, Inc.* (1985), 19 Ohio App.3d 246, 19 OBR 398, 484 N.E.2d 280. In addition, simply because an employee acts wrongfully, it does not automatically take the act outside of the scope of the employee's employment, even if the act is unnecessary,

unjustified, excessive or improper. *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App.3d 86, 548 N.E.2d 991.

In this case, there is competent, credible evidence showing that the five OSU employees were acting within the scope of their employment and were not acting with malicious purpose, in bad faith or in a reckless or wanton manner against appellant. While it is true that some of the actions of the five OSU employees may be considered unjustified, unnecessary or excessive, none of them were so divergent as to sever the employer/employee relationship so as to take the action outside the scope of employment. While other individuals may have handled the incidents regarding appellant differently, appellant did not demonstrate that the five OSU employees acted with malice as defined in *Jacobs*.

Based on the foregoing, this court finds that the Court of Claims did not err when it granted the five OSU employees individual immunity for their actions, and appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.