DECISION
Appellant, state of Ohio, appeals from the April 14, 1999 judgment of conviction of the Franklin County Court of Common Pleas imposing a community control sanction instead of a term of imprisonment on appellee, Staries L. Taylor. Appellee has not filed a brief. For the reasons that follow, we reverse.
On October 7, 1996, appellee was indicted on one count of possession of crack cocaine. He had no prior record. On June 26, 1997, the Franklin County Court of Common Pleas found him to be eligible for treatment in lieu of conviction, stayed further criminal proceedings, and ordered him to undergo an indefinite period of rehabilitation not to exceed five years. The trial court imposed certain conditions on the period of rehabilitation including voluntary completion of a program at the Neighborhood House or Talbot Hall, and attending two-to-three twelve-step meetings such as Alcoholic's Anonymous per week.
On November 6, 1998, a probation officer filed a "Statement of Violations for Treatment in Lieu of conviction." The probation officer alleged that appellee had tested positive for cocaine in seven urine screens on June 9, 1997, December 16, 1997, February 4, 1998, July 6, 1998, July 20, 1998, August 4, 1998, and October 5, 1998. The probation officer also alleged that appellee had failed to complete substance abuse treatment as directed.
The trial court held a hearing on February 16, 1999, at which time appellee admitted the violations. The trial court entered a finding of guilty on the original guilty plea and ordered a presentence investigation. On April 13, 1999, the trial court sentenced appellee to a three-year period of community control with outpatient drug treatment. The state objected to imposition of a community control sanction, arguing that R.C. 2951.04.1(F) required the trial court to impose a term of imprisonment. The trial court noted the state's objection but adhered to its position that a community control sanction could be imposed. This appeal followed.
On appeal, the state asserts a single assignment of error as follows:
 THE COMMON PLEAS COURT ERRED IN FAILING TO IMPOSE A TERM OF IMPRISONMENT PURSUANT TO R.C. 2951.04.1(F).
The state's position may be summarized quite simply. A trial court must sentence a defendant who is found to have failed his or her program of treatment in lieu of conviction to a term of imprisonment. R.C. 2951.04.1(F) provides, in pertinent part, as follows:
 * * * If the facility or program reports to the probation officer that the offender has failed treatment, has failed to submit to or follow the prescribed treatment, or has become a discipline problem, if the offender does not satisfactorily complete the period of rehabilitation or the other conditions ordered by the court, or if the offender violates the conditions of the period of rehabilitation, the offender shall be arrested as provided in section 2951.08 of the Revised Code and removed from the facility or program, and the court immediately shall hold a hearing to determine if the offender failed treatment, failed to submit to or follow the prescribed treatment, did not satisfactorily complete the period of rehabilitation or any other condition ordered by the court, or violated any condition of the period of rehabilitation. If the court so determines, it immediately shall enter an adjudication of guilt and shall impose upon the offender a term of imprisonment.
As in any case of statutory construction, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v. Ohio State Univ. (1996),111 Ohio App.3d 342, 349 (citing Featzka v. Millcraft Paper [1980],62 Ohio St.2d 245). In so doing, however, the court must first look to the plain language of the statute itself to determine the legislative intent. State ex rel. Burrows v. Indus. Comm. (1997),78 Ohio St.3d 78, 81; In re Collier (1993), 85 Ohio App.3d 232,237 ("[u]nder Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent"). Thus, if the language used in a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary. Burrows, supra. "It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute." Brooks, supra.
Ambiguity in a statute exists only if its language is susceptible to more than one reasonable interpretation. See,e.g., State ex rel. Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508,513. Thus, inquiry into the legislative intent, legislative history, public policy, the consequences of an interpretation, or any of the other factors identified in R.C.1.49 is inappropriate absent an initial finding that the language of the statute is, itself, capable of more than one meaning. See,e.g., Toledo, supra; see, also, Fairborn v. DeDomenico (1996),114 Ohio App.3d 590, 593 ("R.C. 1.49 does not, however, authorize judicial inquiry into legislative intent where the statute is unambiguous"). The court's understanding of legislative intent alone cannot make an otherwise clear statute ambiguous.
Here, we find that the language of R.C. 2951.04.1(F) is clear, unambiguous, and not susceptible to the interpretation advanced by the trial court. The statute states, "shall impose upon the offender a term of imprisonment." Nothing in the language of the statute supports the trial court's view.[1]
Based on the foregoing, appellant's single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this decision.
Judgment reversed and cause remanded.
KENNEDY and BRYANT, JJ., concur.
[1] At oral argument, the state noted that R.C. 2951.04.1 has recently been amended to provide for "intervention" in lieu of conviction. Under the revised statute, if the court determines that an offender has failed to comply with the terms and conditions of the intervention plan, it "shall enter a finding of guilty and shall impose an appropriate sanction under Chapter 2929. of the Revised Code." See S.B. No. 107, signed December 22, 1999.