OPINION
Plaintiff-appellant, Philip J. Charvat, appeals from the judgment of the Franklin County Court of Common Pleas dismissing his claim of improper telephone solicitation in violation of the Telephone Consumer Protection Act ("TCPA"), Section 327, Title 47, U.S.Code. For the reasons that follow, we affirm.
Appellant is an ongoing subscriber to the Columbus Dispatch on a Sunday only basis. On August 2, 1996, appellant requested that appellees, Dispatch Consumer Services, Inc. and Dispatch Printing Company, Inc., cease placing solicitation calls to him. On at least two other occasions subsequent to August 2, 1996, appellant received other solicitation calls from appellees.
On August 4, 1998, appellant filed an action against appellees alleging that appellees engaged in improper telephone solicitations resulting in multiple violations of the TCPA by placing two telephone calls to appellant after appellant had requested that appellees place him on a "do-not-call" list. Appellant also alleged violations of state consumer protection statutes.
On September 8, 1998, appellees filed a motion to dismiss and/or motion for summary judgment seeking dismissal of all claims. In a decision dated September 15, 1999, the trial court sustained the motion finding that appellant had failed to state a claim under the TCPA because an established business relationship existed between appellant and appellees, and the TCPA specifically excludes from the definition of "telephone solicitation," calls made to someone with whom the caller has an established business relationship.
On appeal, appellant seeks reversal only as to the trial court's dismissal of his TCPA claim, assigning as error the following:
 The trial Court erred in dismissing Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA") on the grounds that the Plaintiff continued to do business with the Defendant subsequent to a "Do-Not-Call" ("DNC") request.
Section 227(c)(5), Title 47, U.S. Code provides, in relevant part:
 (5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may * * * bring in an appropriate court of that State —
* * *
 (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater * * *.
The regulations referenced above are located at Section 64.1200(e), Title 47, C.F.R. and generally provide that persons or entities are not to initiate telephone solicitation to a residential telephone subscriber unless certain procedures and policies relating to do-not-call requests are followed.
Appellees claim that, because the telephone calls made to appellant took place within the context of an "established business relationship," they do not fall within the definition of "telephone solicitation." In support of this argument, they point to Section 64.1200(f)(3) and (4), Title 47, C.F.R. which provides, in relevant part:
 (3) The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message:
* * *
 (ii) To any person with whom the caller has an established business relationship; or
* * *
 (4) The term "established business relationship" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party. [Emphasis added.]
See, also, Section 227(a)(3), Title 47, U.S. Code, which provides:
 The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization.
Appellant interprets these provisions as meaning that the established business relationship exemption is terminated if a consumer requests that the caller cease making solicitation calls. Appellees argue that the exemption continues so long as neither party terminates the business relationship. Under appellees' interpretation, that would mean appellant must terminate his existing Sunday-only subscription with appellee in order to terminate their existing business relationship. Thus, the issue on appeal is whether the termination of an existing business relationship, for purposes of the TCPA, requires an actual termination of the business relationship or whether the consumer need only request that he be placed on the "do-not-call" list even though he maintains an established business relationship with the caller.
To resolve this issue, we resort to well-established principles of statutory construction. As in any case of statutory construction, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v.Ohio State Univ. (1996), 111 Ohio App.3d 342, 349 (citing Featzkav. Millcraft Paper [1980], 62 Ohio St.2d 245). In so doing, however, the court must first look to the plain language of the statute itself to determine the legislative intent. ProgressiveCorp. and Subsidiaries v. United States (C.A.6, 1992),970 F.2d 188, 191; State ex rel. Burrows v. Indus. Comm. (1997),78 Ohio St.3d 78, 81; In re Collier (1993), 85 Ohio App.3d 232, 237. Thus, if the language used in a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary. Progressive Corp.; Burrows, supra. "It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute." Brooks, supra, at 349.
Ambiguity in a statute exists only if its language is susceptible to more than one reasonable interpretation. See,e.g., State ex rel. Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508,513. Therefore, inquiry into the legislative intent and legislative history is inappropriate absent an initial finding that the language of the statute is, itself, capable of more than one meaning. United States v. Gonzales (1997), 520 U.S. 1, 6;Toibb v. Radloff (1991), 501 U.S. 157, 162. Thus, a court's understanding of legislative intent alone cannot make an otherwise clear statute ambiguous.
Here, the plain language of Section 227(a)(3), Title 47, U.S. Code, and Section 64.1200(f)(3) and (4), Title 47, C.F.R., exclude from the definition of "telephone solicitation" telephone calls made to solicit business if the parties have an established business relationship. This exception continues so long as either party has not terminated the prior or existing relationship. Thus, one is not entitled to a private right of action against a person or entity with whom one has an established business relationship unless he or she terminates the relationship itself. In this case, appellant continued to subscribe to appellees' Sunday newspaper during the time he received solicitation calls from appellees. Therefore, the "established business relationship" exception bars his action against appellees for continuing to solicit him to subscribe to appellees' paper on a daily basis.
Appellant's proposed statutory construction, as it relates to existing relationships, would render the established business relationship exception superfluous. Under Section 64.1200(e)(2), Title 47, C.F.R., consumers who do not have an existing business relationship may stop a telephone solicitor from calling by asking to be placed on the do-not-call list. Under appellant's interpretation, consumers with an existing business relationship could also stop telephone solicitations by making the same request, even if, as here, they continued the business relationship. If this interpretation of the regulation were correct, there would be no reason for the established business relationship exception to exist.
Based on the plain language of the statutory and regulatory actions, appellees, which continued to have an ongoing established business relationship with appellant during the relevant time period, are exempt from liability under the TCPA. Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________________ LAZARUS, J.
BRYANT and DESHLER, JJ., concur.