OPINION
This is an appeal from a decision of the Common Pleas Court of Richland County.
The Assignments of Error are as follows:
 I BECAUSE IT MISCONSTRUED THE OHIO ENTERPRISE ZONE ACT, THE COURT OF COMMON PLEAS ERRED IN ENJOINING THE RICHLAND COUNTY TAX INCENTIVE REVIEW COUNCIL FROM REVIEWING A TAX ABATEMENT AGREEMENT AMONG RICHLAND COUNTY, THE CITY OF MANSFIELD, AND AK STEEL CORPORATION.
 II THE PROCEEDINGS IN THE COURT OF COMMON PLEAS WERE NEVER PROPERLY INITIATED AND THUS ARE VOID.
 I, II
The history of the basis for the cause sub judice from which this appeal is taken is of interest as it reviews the tax abatement procedure authorized by R.C. Chapter 5709 (The Ohio Enterprise Zone Act) to offer tax incentives to businesses as an incentive to create employment through location or expansion of operations, thereby benefitting the government entity and its citizens.
By a resolution of July 18, 1989, the Mansfield City Council by ordinance authorized such city to join the previously established Richland County Enterprise Zone.
Such ordinance also requested the Richland County Commissioners to petition, as required by R.C. § 5709.63(A), the Ohio Department of Development to certify the County Enterprise Zone and to delegate authority to Mansfield to negotiate tax abatement procedures pursuant to R.C. § 5709.63(C).
Such requests were approved by the Richland County Commissioners.
In addition, the Commissioners authorized the creation of a Tax Incentive Review Board (TIRC) pursuant to R.C. § 5709.63(B).
The Ohio Department of Development certified the Richland County Enterprise Zone, including the City of Mansfield. (Stipulation of Facts Pg. 3).
In November, 1993, Mansfield negotiated a Tax Abatement Agreement with the Empire-Detroit Steel Division of Armco, Inc., predecessor to AK Steel and inclusive by merger. Such was submitted to and approved by the Richland County Commissioners.
The primary issue in this appeal is whether the County TIRC remains the body to conduct the annual review of the Tax Abatement Agreement referenced in this cause or whether Mansfield should create a TIRC to perform these functions, since the passage in 1994 of R.C. § 5709.85
and other statutory amendments, such as contained in R.C. § 5709.62.
Revised Code § 5709.62(A) as effective prior to the 1994 Amendments and at present provides that a municipal corporation may designate one or more areas as Enterprise Zones and proceed with the tax abatement process provided.
Revised Code § 5709.85(A), which did not exist at the inception of the Enterprise Zone sub judice, provides:
5709.85 TAX INCENTIVE REVIEW COUNCIL
 (A) The legislative authority of a county, township, or municipal corporation that grants exemption from taxation under Chapter 725. or 1728. or under section 3735.67, 5709.40, 5709.41, 5709.62, 5709.63, 5709.632, 5709.73, or 5709.78 of the Revised Code shall create a tax incentive review council. The council shall consist of the following members:
 (1) In the case of a municipal corporation eligible to designate a zone under section 5709.62 of the Revised Code, the chief executive officer or his designee; a member of the legislative authority of the municipal corporation, appointed by the president of the legislative authority or, if the chief executive officer of the municipal corporation is the president, appointed by the president pro tempore of the legislative authority; the county auditor or his designee; the chief financial officer of the municipal corporation or his designee; an individual appointed by the board of education of each city, local, exempted village, and joint vocational school district to which the instrument granting the exemption applies; and two members of the public appointed by the chief executive officer of the municipal corporation with the concurrence of the legislative authority. At least four members of the council shall be residents of the municipal corporation, and at least one of the two public members appointed by the chief executive officer shall be a minority. As used in division (A)(1) of this section, a "minority" is an individual who is African-American, Hispanic, or Native American.
 (2) In the case of a county or a municipal corporation that is not eligible to designate a zone under section 5709.62 or 5709.632 of the Revised Code, three members appointed by the board of commissioners; two members from each municipal corporation to which the instrument granting the tax exemption applies, appointed by the chief executive officer with the concurrence of the legislative authority of the respective municipal corporations; two members of each township to which the instrument granting the tax exemption applies, appointed by the board of township trustees of the respective townships; the county auditor or his designee; and an individual appointed by the board of education of each city, local, exempted village, and joint vocational school district to which the instrument granting the tax exemption applies. At least two members of the council shall be residents of the municipal corporations or townships to which the instrument granting tax exemption applies.
The trial court based its decision solely upon the stipulations of the parties without an evidentiary hearing. As a result this Court conducts ade novo review without deference to the conclusions reached. CincinnatiIns. Co. v. Slutz (5th Dist. 1987), 1987 Ohio App. Lexis 9238.
The Court determined that R.C. § 5709.85 was enacted to mandate the Municipal Corporation (Mansfield), to create a TIRC even though such statute requires eligibility to establish an Enterprise Zone under R.C. § 5709.62.
As in any case of statutory construction, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v. Ohio State Univ. (1996), 111 Ohio App.3d 342, 349, (citing Featzka v. Millcraft Paper [1980], 62 Ohio St.2d 245). In so doing, however, the court must first look to the plain language of the statute itself to determine the legislative intent. State ex rel.Burrows v. Indus. Comm. (1997), 78 Ohio St.3d 78, 81; In re Collier
(1993), 85 Ohio App.3d 232, 237, ("Under Ohio law, it is cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent."). Thus, if the language used in a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary. Burrows. "It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interrupt a statute." Brooks, at 349.
We must disagree with the conclusions drawn by the court on two basis. First, no determination or certification appears as to eligibility of the City of Mansfield and more importantly, R.C. § 5709.62(A) clearly and unambiguously states that a Municipal Corporation may designate one or more Enterprise Zones. It is not required to so act.
Revised Code § 5709.85(A) provides that a Municipal Corporationthat grants an exemption, if eligible to do so, shall create a TIRC.
In the case sub judice, Mansfield by resolution, chose to operate under the County.
Had it sought to act in its own capacity since the enactment of R.C. § 5709.85 and, assuming eligibility, it would have been mandatorily obligated to create its own TIRC.
It did not so proceed, and was not required to so act under R.C. §5709.62(A).
It had not granted a tax exemption as to this contractual agreement, had not acted to be certified and it was not subject to the mandatory requirement of R.C. § 5709.85(A).
The court therefore sustains the First Assignment of Error, finding that Mansfield is properly within the Richland County's certified Enterprise Zone including an annual review by the TIRC created by the Richland County Board of Commissioners as to the tax abatement agreement with Appellant as successor entity under R.C. § 5709.85(A)(2) rather than (A)(1).
As to whether these proceedings were properly initiated, as is presented by the Second Assignment of Error, no decision by this court is required due to the ruling on the First Assignment of Error.
Also, while not presented as an Assignment of Error, the argument is raised as to the third party beneficiary status of the appellees being erroneous. Again, this issue need not be addressed by this court due to the ruling herein.
The decision of the Richland County Common Pleas Court is reversed and remanded for further proceedings in accordance herewith.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Richland County, Ohio, is reversed and remanded. Costs to appellants.
Boggins, J., Edwards, P.J. and Gwin, J. concur.