OPINION
{¶ 1} Defendant-appellant Paul Lowe appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of sexual battery. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 9, 2004, the Stark County Grand Jury indicted appellant on one count of sexual battery in violation of R.C.2907.03 (A)(5), a felony of the third degree. The indictment alleged that appellant had sexual conduct with his stepdaughter, who was twenty-two years old at the time. The sexual intercourse was consensual. At his arraignment on April 30, 2004, appellant entered a plea of not guilty to the charge.
 {¶ 3} Thereafter, on June 18, 2004, appellant filed a Motion to Dismiss, arguing that the facts alleged in the indictment, even if proven, did not constitute an offense under R.C.2907.03(A)(5) and, in the alternative, that the statute was unconstitutional as applied to appellant's case. Appellant argued, in part, that the use of the term "stepchild" in R.C.2907.03(A)(5) signified "a clear legislative intent to have the law apply to [minor] children, not adults." Appellant also argued that the government had no legitimate interest in regulating sex between consenting adults. As memorialized in a Judgment Entry filed on June 30, 2004, the trial court denied appellant's motion.
 {¶ 4} Subsequently, on July 1, 2004, appellant entered a plea of no contest to one count of sexual battery. As memorialized in a Judgment Entry filed on August 18, 2004, appellant was sentenced to one hundred twenty (120) days in jail and was placed on three years of community control under specified terms and conditions. In addition, the trial court classified appellant as a sexually oriented offender and ordered him to have no contact with his victim.
 {¶ 5} Appellant now raises the following assignments of error on appeal:
 {¶ 6} "I. THE TRIAL COURT ERRED BY RULING THAT R.C.2907.03(A)(5) WAS INTENDED TO APPLY TO CONSENUAL SEXUAL CONDUCT BETWEEN ADULTS.
 {¶ 7} "II. THE TRIAL COURT ERRED BY FAILING TO DISMISS THE INDICTMENT AS BEING UNCONSTITUTIONAL AS APPLIED IN THIS CASE."
 I {¶ 8} Appellant, in his first assignment of error, argues that the trial court erred in holding that R.C. 2907.03(A)(5) was meant to apply to consensual sexual conduct between adults. We disagree.
 {¶ 9} R.C. 2907.03(A)(5) provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." (Emphasis added).
 {¶ 10} Under a statutory analysis, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v. Ohio State Univ. (1996),111 Ohio App.3d 342, 349, 676 N.E.2d 162. In so doing, however, the court must first look to the plain language of the statute itself to determine the legislative intent. Burrows v. Indus. Comm.,78 Ohio St.3d 78, 81, 1997-Ohio-310, 676 N.E.2d 519; In re Collier
(1993), 85 Ohio App.3d 232, 237, 619 N.E.2d 503. Thus, if the language used in a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary. Burrows at 81. "It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute." Brooks at 349.
 {¶ 11} As noted by the court in State v. Hargrove, Hamilton App. No. C-810352, 1982 WL 4697, "R.C. 2907.03(A)(5) is unambiguous and conveys a clear and definite meaning; i.e., that a person is prohibited from engaging in sexual conduct with another where the offender is the other person's stepparent." Id. at p. 1.[1] While appellant argues that the prohibition in such statute is limited to minor children only, as noted by appellee, age is not an element of the offense of sexual battery. R.C. 2907.03(A)(5) clearly and unambiguously and with no limitation prohibits sexual conduct between a stepparent and stepchild regardless of the age of the stepchild. The age of the victim is immaterial. As noted by the Ohio Supreme Court inState v. Noggle (1993), 67 Ohio St.3d 31, 33, 615 N.E.2d 1040,1042: "R.C. 2907.03(A)(5) was quite obviously designed to be Ohio's criminal incest statute. The traditional family unit has become less and less traditional, and the legislature wisely recognized that the parental role can be assumed by persons other than biological parents, and that sexual conduct by someone assuming that role can be just as damaging to a child."
 {¶ 12} Based on the foregoing, appellant's first assignment of error is overruled.
 II {¶ 13} Appellant, in his second assignment of error, contends that the trial court erred in failing to dismiss the indictment against appellant since R.C. 2907.03(A)(5) is unconstitutional as applied in the case sub judice. We disagree.
 {¶ 14} As for the constitutionality of R.C. 2907.03(A)(5) as applied to appellant, the burden is on appellant "to present clear and convincing evidence of a presently existing set of facts which makes the statute void and unconstitutional when applied thereto." State v. Dario (1995), 106 Ohio App.3d 232,240, 665 N.E.2d 759. To determine if R.C. 2907.03(A)(5) is unconstitutional as applied, we must decide whether appellant "had a constitutionally protected right to engage in the type of activity he allegedly committed." State v. Bilder (1994),99 Ohio App.3d 653, 663-664, 651 N.E.2d 502.
 {¶ 15} Appellant specifically contends that R.C.2907.03(A)(5) is unconstitutional as applied to him since he has a constitutional right to engage in private sexual conduct without government intervention "when that activity does not involve; minors, persons who might be injured or coerced, or who are situated in relationships where consent might not easily be refused." Appellant cites to Lawrence v. Texas (2003),539 U.S. 558, 123 S.Ct. 2472 in which the United States Supreme Court held that a Texas statute criminalizing sodomy with a member of the same sex violated the petitioners' interests in liberty and privacy protected by the Due Process Clause.
 {¶ 16} However, appellant does not have a constitutionally protected right to engage in sex with his stepdaughter. In Statev. Benson (1990), 81 Ohio App.3d 697, 612 N.E.2d 337, the court held that R.C. 2907.03(A)(5) was not unconstitutional as applied to a defendant who admitted having sexual intercourse with his seventeen year old stepdaughter, but who claimed that she had initiated it and had seduced him. In so holding, the court inBenson stated, in relevant part, as follows: "R.C.2907.03(A)(5) prohibits incestuous conduct, defining it in broader terms than formerly, so as to include not only sexual conduct by a natural parent with his child, but also sexual conduct by a stepparent with his stepchild, a guardian with his ward, or a custodian or person in loco parentis with his charge. We need hardly cite authority for the obvious conclusion that this statute bears a real and substantial relation to the public morals. We further find that R.C. 2907.03(A)(5) is neither unreasonable nor arbitrary. Accordingly, the Act is not facially unconstitutional.
 {¶ 17} "Furthermore, the Act is not unconstitutional as applied to appellant. The fact that appellant was not permitted to assert the defense that Bretta [the stepdaughter] consented to the sexual conduct did not make the Act unconstitutional as it applied to him since no fundamental constitutional right exists to engage in such conduct." Id. at 701. See also State v.Freeman, 155 Ohio App.3d 492, 2003-Ohio-6730, 801 N.E.2d 906, in which the court held that the appellant did not have a constitutionally protected right to engage in incest with his consenting adult daughter and that R.C. 2907.03(A)(5) was not unconstitutional as applied to him. The Freeman court noted that the state had a legitimate interest in protecting the family unit. While the relationship in the case sub judice is not between a biological father and a biological daughter, but rather between a stepfather and stepdaughter, the same important value is at stake the protection of the family unit.
 {¶ 18} Based on the foregoing, appellant's second assignment of error is overruled.
 {¶ 19} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] In Hargrove, the appellant had sexual relations with his two stepdaughters, who were 18 and 20 years old at the time and who consented to the acts. The court upheld the appellant's conviction for sexual battery.