OPINION
{¶ 1} Plaintiff-appellant, Angela Peachock ("appellant"), appeals from a judgment of the Ohio Court of Claims, which dismissed appellant's complaint against defendant-appellee, Northcoast Behavioral Healthcare Center ("appellee"). For the following reasons, we affirm.
 {¶ 2} On October 24, 2005, appellant filed a complaint in the Court of Claims against Muhammad Momen, M.D., an employee of appellee. The complaint alleged *Page 2 
that Dr. Momen sexually harassed appellant, who worked as a licensed practical nurse for appellee. Specifically, the complaint alleged that Dr. Momen subjected appellant to sexual assault and battery, sexual imposition, and intentional infliction of emotional distress, all beyond the scope of his employment with appellee. The complaint requested the court to determine whether Dr. Momen was personally immune from liability.
 {¶ 3} The court issued a pre-screening entry dismissing Dr. Momen as a defendant, pursuant to R.C. 2743.02(E), which provides that only state agencies and instrumentalities can be defendants in original actions in the Court of Claims. Thereafter, appellant filed an amended complaint that named appellee, a state entity, as a defendant. The complaint repeated appellant's request for a determination of Dr. Momen's immunity.
 {¶ 4} On December 21, 2006, the court held an evidentiary hearing to determine whether Dr. Momen was immune from liability. At the hearing, appellant testified concerning contact between her and Dr. Momen beginning in November 2004, when he began walking appellant to her car after their shift ended. Appellant testified that, in January 2005, Dr. Momen told her of his excitement about receiving the results of his board exams and about wanting to share the results with her. He asked appellant to go to dinner with him to celebrate, and he attempted to kiss her three times.
 {¶ 5} Appellant also testified about other occasions when Dr. Momen asked her to dinner, attempted to speak with her, followed her, and waited for her. When she needed to make a phone call to cancel a lost credit card, appellant used the phone in *Page 3 
Dr. Momen's office. While in his office, according to appellant, Dr. Momen attempted to kiss appellant and placed his hand on her breast.
 {¶ 6} Appellant testified that she did not report these incidents to appellee. Instead, another employee complained to a supervisor. The supervisor asked appellant to prepare a written statement, which the court admitted into evidence.
 {¶ 7} As a result of Dr. Momen's actions, appellant testified, she asked co-workers to escort her to her car, the restroom, and the time clock, and she had to take time off work and change her schedule in order to avoid him. She became afraid of him.
 {¶ 8} On cross-examination, appellant stated that she had taken sexual harassment training as part of her employment with appellee. Although she understood her employer's policy that required employees to report incidents of sexual harassment, she did not report the incidents involving Dr. Momen. On re-direct, appellant stated that she did not report the incidents because she did not "feel that it would go anywhere," and because appellee had a reputation for retaliating against employees. (Tr. at 41.)
 {¶ 9} After appellant's testimony, appellant's counsel rested. Appellee's counsel then moved for dismissal on grounds of immunity. Appellee's counsel argued that appellant had failed to prove that Dr. Momen acted outside the scope of his employment. The court denied the motion, stating: "I think it quite manifests that the doctor's alleged conduct was outside the scope of his employment." (Tr. at 43-44.)
 {¶ 10} Dr. Momen testified, and he adamantly denied that he had ever walked appellant to her car, touched her breast or tried to kiss her. He admitted that he was in the office with her while she made a phone call, but denied touching or trying to kiss *Page 4 
her. As for whether he asked her to go to dinner to celebrate his board certification, Dr. Momen stated that he offered to treat unit staff to lunch as a way to celebrate, but he denied ever asking appellant out for lunch or dinner individually. According to Dr. Momen, appellant never indicated to him that she was in any way uncomfortable around him, and the investigation came as a complete surprise to him.
 {¶ 11} Appellee also called Siva Yechoor, M.D., as a witness. Dr. Yechoor was Dr. Momen's supervisor and, in that role, interacted with him on a daily basis. Dr. Yechoor testified about his trust in Dr. Momen, Dr. Momen's abilities as a psychiatrist, and Dr. Momen's reputation. Finally, in response to a question from the court, Dr. Yechoor testified that he had no knowledge of any complaints against Dr. Momen by any other female personnel.
 {¶ 12} Appellant's counsel thereafter asked the court to find that Dr. Momen's actions were outside the scope of his employment and to remand the case to the common pleas court for a factual determination. In response, appellee's counsel conceded that, if the allegations were true, then the court lacked jurisdiction because the actions would not have been in furtherance of the state's business. Appellee's counsel argued further, however, that the allegations were false. Counsel emphasized that, even though other employees could have corroborated appellant's claims, appellant presented no other witnesses. He also emphasized that appellant had not reported the alleged incidents.
 {¶ 13} The court concluded:
 * * * Well, I think it is probably my obligation to make some findings here. It's a close case, and it turns on credibility. I find a real interest in this case, that apparently there are at *Page 5 
least two other witnesses that could have testified, according to [appellant] and they weren't called.
 I found the testimony of [Dr. Momen] in this case, and his colleague, very credible. I have some questions about the credibility of [appellant] in this matter, and, therefore, on the basis of the real issue in this case, I don't believe that [appellant] proved by a preponderance of evidence her allegations in this matter, and, therefore, the case will be dismissed.
(Tr. at 84-85.) The court also noted that the Civil Rights Commission had come to a similar conclusion when it investigated appellant's claims against Dr. Momen.
 {¶ 14} On February 6, 2007, the court issued an entry of dismissal. The court stated, in pertinent part:
 * * * Upon review of all the evidence submitted and after considering the credibility of the witnesses who testified as well as the arguments of counsel, the court found that [appellant] failed to prove, by a preponderance of the evidence, that Dr. Momen committed the acts alleged by [appellant]. As such, [appellant] failed to prove that Dr. Momen acted with malicious purpose, in bad faith, or in a wanton or reckless manner toward [appellant]. The court also found that [appellant] present insufficient evidence to show that Dr. Momen acted outside the scope of his employment with [appellee] during any interactions regarding [appellant] that are at issue in this case. * * *
(Footnote omitted.)
 {¶ 15} Based on these findings, the court held that Dr. Momen is entitled to personal immunity under R.C. 2743.02(F) and 9.86. Accordingly, the court dismissed appellant's complaint.
 {¶ 16} Appellant filed a timely appeal, and she raises the following assignment of error:
 That this case is a civil action brought on an intentional tort allegedly committed by the Defendant, Dr. Momen. *Page 6 
Therefore the proper venue is the Court of Common Pleas of Cuyahoga County. That the Court of Claims erred in granting Defendant Momen personal immunity for the alleged sexual assault and sexual harassment committed against [appellant]. It is a matter of law to determine jurisdiction, not a question of fact.
 {¶ 17} To resolve appellant's assignment of error, we begin with the statutory scheme. R.C. 9.86 grants immunity from liability to state employees, unless their actions occur outside the scope of their state employment. That section provides, in pertinent part:
 * * * [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
 {¶ 18} Litigants may bring an action against a state entity only in the Court of Claims, which holds exclusive, original jurisdiction over such claims. R.C. 2743.02(A)(1); 2743.03(A). Filing an action in the Court of Claims acts as a "complete waiver" of any cause of action arising from the same act or omission. R.C. 2743.02(A)(1). That waiver is void, however, if the court determines that the act or omission at issue was manifestly outside the scope of the subject employee's employment or that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Id.
 {¶ 19} As to when the court must decide the question of immunity, R.C.2743.02(F) provides that a civil action against a state employee that alleges that the employee's conduct was manifestly outside the scope of his or her employment or that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless *Page 7 
manner "shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially," whether the employee is entitled to personal immunity under R.C. 9.86
and whether the courts of common pleas have jurisdiction over the action.
 {¶ 20} Here, appellant filed her complaint against appellee, a state entity, in the Court of Claims, and her filing waived any other causes of action she might have arising from Dr. Momen's actions against her, unless she can show that his actions were manifestly outside the scope of his employment or that he acted with malicious purposes, in bad faith, or in a wanton or reckless manner. In response to her complaint, the court held an evidentiary hearing "to determine, initially," whether Dr. Momen and appellee were entitled to immunity under R.C. 9.86. The court's actions in this respect were entirely within, and pursuant to, its statutory authority.
 {¶ 21} As appellant notes, the court's determination as to whether a person is entitled to immunity is a question of law. Morway v. Ohio Bur.of Workers' Comp., Franklin App. No. 04AP-1323, 2005-Ohio-5701, citingNease v. Med. College Hosp., 64 Ohio St.3d 396, 400, 1992-Ohio-97. To make that determination, however, the court must consider specific facts. Morway, citing Lowry v. Ohio State Hwy. Patrol (Feb. 27, 1997), Franklin App. No. 96API07-835. In this respect, "matters involving credibility should be resolved by the trial court, and judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence." Morway at ¶ 17, citing Brooks v. Ohio StateUniv. (1996), 111 Ohio App.3d 342, 350. Thus, appellant is simply wrong in her assertion that the court lacked authority to resolve the factual questions in this case. *Page 8 
 {¶ 22} Moreover, the Court of Claims does not, as appellant suggests, determine whether, if true, the employee's actions are manifestly outside the scope of employment. In fact, in this case, counsel for appellee conceded, and the trial court agreed, that, if true, the alleged actions were outside the scope of Dr. Momen's employment. But the question before the court was: what were Dr. Momen's actions?
 {¶ 23} The trial court considered the evidence and the credibility of the witnesses and determined that appellant had not proven that the alleged acts occurred. Dr. Momen's own testimony, particularly his adamant denial of the alleged acts, supports that conclusion, and appellant's failure to report her allegations to appellee until her supervisor forced her to report them lends support to Dr. Momen's denial. While appellant stated that other employees could have corroborated her testimony, no other witnesses appeared on her behalf. And Dr. Yechoor, Dr. Momen's supervisor, testified that the allegations were completely contrary to Dr. Momen's reputation. Thus, there is competent, credible evidence to support the court's decision, and it is not against the manifest weight of the evidence.
 {¶ 24} For these reasons, we overrule appellant's assignment of error, and we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
 KLATT and TYACK, JJ., concur. *Page 1