Stewart, J.
 

 The sole question in this ease is whether the Court of Common Pleas erred in sustaining the demurrer to plaintiff’s petition.
 

 It is fundamental that a demurrer, for its own purpose, admits the truth of all the well-pleaded facts in the pleading to which the demurrer is addressed. Therefore, we must assume for the purpose of a decision in this case that plaintiff’s decedent was in: jured and died, as- set out in the petition; that defendant fraudulently represented to plaintiff that defendant’s mother was the.owner of the premises upon which plaintiff’s decedent was working at the time she was injured; that by reason of the fraudulent representations of defendant, plaintiff brought an action against defendant’s mother; that defendant encouraged such action; that by reason thereof plaintiff did not learn of the fraud until October 1944; and that the action against defendant’s mother was not disposed of until the term of court at Which the action was brought against defendant.
 

 It is obvious from the face of the petition that the
 
 *548
 
 instant action was not brought until more than two years after the death of plaintiff’s decedent, but it is claimed by plaintiff, and, the Court of Appeals so held, that the active fraud practiced by defendant was the cause of the failure to bring the action within two years from the death, and that, therefore, the time for bringing the action did not begin to run until the fraud was discovered and defendant by his own fraudulent conduct was estopped from asserting the defense of the time limit. In sustaining this view the Court of Appeals apparently took the position that the time limit in an action for wrongful death was of the same nature as the statutes of limitations for other actions.
 

 Although the case of
 
 Fee’s Admr.
 
 v.
 
 Fee,
 
 10 Ohio, 469, decided that “a fraudulent concealment by which .the plaintiff has been delayed will not enlarge the time for bringing an action under the statute of limitations,” the Court of Appeals distinguished that case from the present one on the ground that there was a distinction between the rules of common law and those of equity, and law and equity actions were separate at the time of the
 
 Fee case.
 

 The Court of Appeals held that the áuthority of that case was impaired by the fact that, after it was decided, the Constitution of Ohio of 1851 was established (see Section 2, Article XIY) and under such Constitution the Code of Civil Procedure was so enacted that “the distinction between actions, at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished; and'in their place, there shall be, hereafter, but one form of action, which shall be called a civil action.”
 

 The Court of Appeals referred also to the case of
 
 Howk
 
 v.
 
 Minnick, 19
 
 Ohio St., 462, which held that the fraudulent concealment by defendant of his guilt in stealing certain coins did not prevent the statute of
 
 *549
 
 limitations from running against the right to a civil •action for the conversion of such coins.
 

 The Court of Appeals held that, although the
 
 Howk case
 
 was decided after the constitutional changes referred to, in that case the Supreme Court relied ■strongly on the
 
 Fee case.
 
 The Court of Appeals then proceeded to cite many cases which it said constituted the great weight of authority, to the effect that one may not take advantage of his own wrongdoing and seek refuge under the statute of limitations when he has by fraudulent conduct or representations successfully concealed his liability beyond the period of the -statute.
 

 There would be much to arrest the attention in what the Court of Appeals said if the time element in the wrongful-death statute constituted an ordinary limitation to the bringing of an action thereunder, but according to the view we take, such is not the case. At common law there is no action for wrongful death and in case a plaintiff in a personal injury action died prior to the' trial thereof the action abated.
 

 The first wrongful-death act, known as Lord Campbell’s Act, was passed by the English Parliament in 1846, and, thereafter, the states of our nation began to pass similar acts. The first one in our state appeared in 1851 (49 Ohio Laws, 117). Before that time there was no action for wrongful death in this state. That act provided such an action should be brought by the personal representative of the decedent for the benefit of the widow and next of kin against the person or corporation causing the death, that there should be a limitation of $5,000 on the amount of damages, and that the action must be brought within two years from the death of decedent.
 

 That act was amended in 1872, the amendment providing that the action must be brought by the personal representative for the benefit of the widow and next of
 
 *550
 
 kin against the person or corporation causing the death, with a limit of $10,000 on the amount of damages but no limitation as to the time ' within which the action must be brought.
 

 In 1880, the act was amended providing for an action by the personal representative for the' benefit of the wife or husband, and children, or if none, the parents and nest of kin, against the person or corporation causing the death, with a limit of $10,000 on the amount of damages, and with a provision that the action must be commenced within two years of death.
 

 In 1893, the 1880 act was amended, with no change except that the amendment extended the liability so as to be a valid claim against the .estate of the person who caused the déath.
 

 In 1910, the 1893 act was amended, the amended act being the same as the 1893 act except that it changed the-limit as to damages by providing for a limit of $10,000 if the decedent left children, a widow, a widower, mother, father, sister or brother, but made the limit $12,000 if the decedent left a widow and one or more minor children.
 

 On September 3, 1912, the electors of Ohio wrote into the Constitution Section 19a, Article I, which provides that “the amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law.” Probably as the result" of this constitutional enactment a new wrongful-death statute was passed in 1913, which provided that the personal representative should bring the action, with no limit to the damages, with the wife, or husband, and children, or if none, parents and next of kin as the beneficiaries, and Avith the provisions that the action must be brought within two years from the death of the decedent and that it might be brought against* the
 
 *551
 
 person or corporation causing the death or against the estate of such person.
 

 The present act became effective,in 1932 and is to be found in Sections 10509-166, 10509-167, 10509-168 and 10509-169, General Code.
 

 Section 10509-166 provides in part as follows:
 

 “When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances which make it in law murder in the first or second degree, or manslaughter. ”
 

 Section 10509-167 provides:
 

 “An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent.
 

 “The jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought. Except as otherwise provided by law, every such action must be commenced within two years after the death of such deceased person. Such personal representative, if he was appointed in this state, with the consent of the court making such appointment, may, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid.”
 

 Now, as has been said, this wrongful-death act creates a right which is unknown to the common law
 
 *552
 
 and had- never in any way been recognized in Ohio prior to 1851. It is a recognized rule that a statute in derogation of common law, or which gives a right unknown to the common law, must be applied strictly in accord with all its essential terms. For example, if the beneficiaries and not the personal representative were to bring an action for wrongful death, such an action would not lie because the beneficiaries have no common-law right and have not been given the right by statute. Unless a petition for wrongful death is filed strictly according to the essential terms of the wrongful-death act, such petition does not state* a good cause of action because the act is the sole source of the right upon which the petition is based.
 

 Now the statute provides, “except as otherwise provided-by law, every such action must be commenced within two years after the death of such deceased person.” That language does not strictly constitute a time limitation on the bringing of the action; it expresses an integral element of the right of the action itself and if an action is-not brought within two years from the death of the decedent it must fail, not because a statute of limitations provides the time within which it must be brought but because the time limit is of the very essence of the action. If this is so, the time limitation is not merely a matter of defense, which must be raised by. demurrer or apswer and which is waived if not so raiséd, but it is a condition precedent to bringing the action, and the question can be raised at any time during the progress of the action. The lapse of more than two years between the death and the filing of the petition defeats the action for the reason that an essential element of the action as established by the statute is absent. This was held in Ohio in a case arising under the first wrongful-death statute in this state.
 

 In Pittsburg,
 
 C. & St. L. Ry. Co.
 
 v.
 
 Hine, Admx.,
 
 
 *553
 
 25 Ohio St., 629, the first paragraph of the syllabus is:
 

 “Under the ‘act requiring compensation’ for causing death by wrongful act, neglect, or default (S. & C. 1139, 1140), which gave a right of action,
 
 provided
 
 such action should be commenced within two years after the death of such deceased person, the proviso is a
 
 condition
 
 qualifying the right of action, and not ■a mere limitation on the remedy.”
 

 In that case it appears that the death for which the action was brought occurred while the act of 1851, with a two-year limitation, was in effect, but the action was not brought until after such act had been amended by the act of 1872 which had no time limit, nevertheless "the court held in paragraph two of the syllabus:
 

 “The amendment aüd repeal of the section containing the proviso, during the existence of the right of action, and the omission of the proviso in the section as amended, did not have the effect of extending the time within which the. action should have been brought.”
 

 The court said on page 634 of the opinion:
 

 “The right of action given by the statute of 1851 is in the nature of property in
 
 action,
 
 a thing which the personal representative of the deceased was entitled to reduce .to possession, for the benefit of the family of the deceased, by an action at law. The right was not known to the common law where damages for a tort to the person were recoverable only during the life of the party injured; and the death of the plaintiff, pending the suit,, abated it. • Nor could the wife or husband, parent or child, recover any pecuniary compensation for’ the injury sustained by the death of the relative. Hence, the right of action, in such cases, could only be conferred by statute. In. Ohio, no such right was given by any statute previous to that of 1851. In creating or giving the right by this act, it was within the power of the Legislature to impose
 
 *554
 
 upon it such restrictions as were thought fit; and if restrictions were imposed, they must be referred to the newly created right itself, if the restrictive language-used will warrant it; for the act being in derogation of the common law, any restrictive language used in it must be construed against the right created by it.. It would be different if the act was merely remedial as to existing rights; such statutes are to be liberally construed.
 

 “In this view, we regard the proviso contained in Section 2 of the act of 1851, above quoted, as a restriction qualifying the right of action itself, and not merely a time limitation upon the remedy.”'
 

 Although the language was not necessary to the-decision of the case, in
 
 Wolf, Admr.,
 
 v.
 
 Lake Erie & W. Ry. Co.,
 
 55 Ohio St., 517, Judge Burket said at page-529 of the opinion:
 

 “What shall cause a liability for damages to arise-is carefully stated in Section 6134 [Revised Statutes], but what shall constitute a defense to an action for such liability is not defined in either section but is left to the same principles as in other like cases. The limitation of two years in which to bring the action is held in
 
 Railway
 
 v.
 
 Hine,
 
 25 Ohio St., 629, to be a condition qualifying the right of action and not a mere-limitation on the remedy. It is, therefore, not a defense in the proper sense but a necessary condition to the right of action.”
 

 It would seem, therefore, settled in Ohio that the time limitation in the wrongful-death statute does not constitute a remedial limitation upon the right of' action. Commencing the action within the prescribed time is a necessary element of the right to bring it and if a petition shows upon its face that it is not filed within the two-year period, a demurrer to it must be-sustained, not because a statute of limitation is interposed as a defense but because an averment of an essential element of the action is absent.
 

 
 *555
 
 This rule in Ohio seems to be established by the great weight of authority in the United States.
 

 In 67 A. L. R., 1070, it is stated:
 

 “In a majority of the jurisdictions it is held that provisions in statutes authorizing actions for wrongful death, which limit the time within which the actions shall be brought, are not properly statutes of limitations as that term is generally understood, but they are qualifications and conditions restricting the rights granted by the statutes, and must be strictly complied with; and that no explanation as to why actions were not brought within the time limit will prevent the operation of such a provision of the statutes unless the statutes themselves contain a saving clause.”
 

 A great number of cases are cited to sustain the proposition enunciated.
 

 In a late case the Supreme Court of Ehode Island, in construing its wrongful-death statute, said:
 

 “Where a statute creates an entirely new right of action that did not exist at common law and expressly attaches thereto, without an exception, a proviso that' the action shall be brought within a specified time, such proviso ordinarily will be construed as a condition imposed upon the created right of action, and not merely as a statute of limitations affecting the remedy only.”
 
 Tillinghast
 
 v.
 
 Reed,
 
 70 R. I., 259, 38 A. (2d), 782.
 

 The Supreme Court of Minnesota in a late case said:
 

 “It is established, however, by the weight of authority, .and followed by this state, that, since a wrongful death statute creates a right of action which did not exist at common law and is a condition affecting the right rather than the remedy, ordinarily neither express nor implied provisions which toll general limitation statutes will extend the limitation period in a wrongful death statute in the absence of a saving clause
 
 *556
 
 in the latter statute.”
 
 Cashman
 
 v.
 
 Hedberg,
 
 215 Minn., 463, 467, 10 N. W. (2d), 388.
 

 The Supreme Court of Illinois stated, in reference to.its wrongful-death statute:
 

 “Under that act we have uniformly held that the-time fixed by it for commencing an action for wrongful death is not a statute of limitations, but is a condition of the liability itself. It is a condition precedent attached to the right to sue at all, and being so, the-plaintiff must bring himself within the prescribed requirements necessary to confer the right of action.”
 
 Metropolitan Trust Co.
 
 v.
 
 Bowman Dairy Co.,
 
 369 Ill., 222, 225, 15 N. E. (2d), 838.
 

 To the same effect, the Supreme Court of North Carolina said, in reference to the wrongful-death-statute of that state:
 

 “The provisions as to time is not a statute of limitation but a condition affecting the cause of action.”
 
 Mathis, Admx.,
 
 v.
 
 Camp Mfg. Co.,
 
 204 N. C., 434, 435, 168 S. E., 515.
 

 It would serve no useful purpose to prolong the citation of authorities in this matter, of which there are so many not only in the state reports but likewise-in the reported cases in the federal courts, including the Supreme Court of the United States, where it said in discussing a like statute: “The time within which the suit must be brought operates as a limitation off the liability itself as created, and not of the remedy alone. It is a condition * * * to sue at all.”
 
 The Harrisburg,
 
 119 U. S., 199, 214, 30 L. Ed., 358, 7 S. Ct., 140.
 

 It will be noted that in the wrongful-death statute the time limitation is in the act itself and not in the chapter on limitations of actions in the General Code. If it is essential, as we hold, that an action for wrongful death be filed within the two years’ time required by Section 10509-167, General Code, then no cause of action is stated if the action be not brought within
 
 *557
 
 two years of the death of decedent and, therefore, no • question of fraud or estoppel can arise.
 

 It is argued by plaintiff that the wrongful-death statute contains a‘saving clause which brings him within the time limit, and he relies on Section 10509-169, General Code, which reads as follows:
 

 “In every such action for wrongful death commenced or attempted to be commenced within the time herein, specified, if a judgment for the plaintiff be reversed,, or if the plaintiff fail, otherwise than upon the merits, and the time limited herein for the commencement ' of such action has at the date of such reversal, or failure, expired, the plaintiff, or if he die and the cause of action survive, his representative,' may commence a new action within one year after such date.”’
 

 It is argued that plaintiff started an action against defendant’s mother, for negligence in causing the-death of plaintiff’s decedent, within two years of her death; that such action failed otherwise than upon it& merits; and that action against defendant was commenced within one year after the expiration of the two-year limitation period.
 

 We are of the opinion that Section 10509-169, General Code, does not aid plaintiff. That section provides; simply that if a judgment for the plaintiff be reversed,: or if the plaintiff fail otherwise than upon the merits,, plaintiff may commence a new action within one year-after the date of such reversal or failure, even though the two-year limitation has expired at such time. The-action against. defendant’s mother was an entirely different lawsuit from the one against defendant.. If plaintiff had originally started his action in time-against defendant and it had failed either by reversal or otherwise than upon its merits, and the two years-had expired since the death of plaintiff’s decedent,, then - plaintiff could have commenced a new action against defendant on the same cause of action, within, one .year of disposition of the former action. But it,
 
 *558
 
 seems to us that the statute in no way applies in a case where a personal representative has sued a defendant for wrongful death, then after the disposition of that action he. brings another action under the wrongful-death statute, against an entirely different party, more than two years after the death has occurred.
 

 Plaintiff is not aided by Section 11224, General Code. 'That section is in the chapter on limitations of actions -and provides,
 
 inter alia,
 
 that an action for relief on the ground of fraud shall be brought within four years after the cause thereof accrued, and that it shall not accrue until the fraud is discovered.
 

 In the present case plaintiff did not bring an action based upon fraud but brought an action for wrongful death and made his allegations of fraud merely as an ■excuse for noncompliance with the time limitation in ■Section 10509-167, General Code. It cannot logically be held that the case before us is one for relief on the ground of fraud.
 

 Defendant has urged other errors, such as the proposition that the recording acts gave plaintiff constructive notice as to the ownership of the premises involved in this lawsuit, that in the action against defendant’s mother a‘ general denial was filed, of which judicial notice should be taken, and that the general denial apprised plaintiff of a denial of ownership of the premises by defendant’s mother. In view of what we have said we do not consider it necessary to pass upon those questions. Our conclusion, as to the time element in the statute disposes of the case.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 'Weygandt, C. J., Turner,, Matthias, Hart, Zimmerman and Sohngen, JJ., concur.