Bakin, Admr., Appellant, *v.* Marti, d. b. a. Howland Pharmacy, et al.; Parke Davis & Co., Appellee.

(No. 1535—Decided February 28, 1963.)

*Messrs. Spangenberg, Hasenflue & Shibley,* for appellant.
*Mr. Paul E. Kightlinger,* for appellee.

Brown, J.   This wrongful death action was filed February 15, 1960.   A summons was issued by the proper court on February 16, 1960.   Death occurred on February 18, 1958.   There was an attempted service and return.   No service was obtained at any time but the defendant entered a general appearance on March 17, 1960, at which time its then counsel requested leave to move or plead in the action.

Defendant's motion to quash the purported service of summons brought these facts to the trial court's attention.   It was

admitted that the purported service of summons was improper · and no service had been obtained.

The trial court dismissed the action, taking the position that it was apparent from the entire record before the court that the period of limitation had run through failure to obtain timely service, citing *Sabol, Admr.,* v. *Pekoc,* 148 Ohio St., 545, and *Pittsburg, Cincinnati and St. Louis Ry. Co.* v. *Hine, Admx.,* 25 Ohio St., 629.

If the action was not commenced within two years of death, as required by Section 2125.02, Revised Code, the dismissal was proper at this point and under these circumstances, although that fact does not appear on the face of the petition. *Wentz* v. *Richardson,* 165 Ohio St., 558; *Knight, Admx.,* v. *Schlachter,* 28 Ohio App., 70.

Section 2125.02, Revised Code, requires that an action for wrongful death *be commenced* within two years after the death. This has been held to be a "condition qualifying the right of action, and not a mere limitation on the remedy." *Pittsburg, Cincinnati & St. Louis Ry. Co.* v. *Hine, Admx., supra* (25 Ohio St., 629).

Was this action commenced within two years after the death? The trial court held that it was not, saying:

"The failure to secure service of summons within two years required by the statute leaves the request for leave to plead after the time without any effect."

Section 2703.01, Revised Code, provides:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

This statute does not require service of summons in order to commence a civil action. Early Ohio cases held this to be the rule. *Dewit* v. *Greenfield,* 5 Ohio, 225.

In 1 Corpus Juris Secundum, 1396, Section 129 (a), we find the following:

" * * * Ordinarily, and in the absence of statutory restrictions, the commencement of an action does not depend upon service of process on defendant, or jurisdiction over him * * *."

In 1 American Jurisprudence (2d), 614, Section 86, we find:

" * * * At common law an action was considered as pending from the time of the issuance of the writ; a suit in equity was

regarded as commenced from the time of the service of the writ. Under modern practice, in the absence of a controlling statutory provision, an action is deemed commenced, so far as the parties to it are concerned, from the time that the writ, summons, or other process is issued * * *.''

In Ohio, the statute which requires service of summons before an action is commenced is Section 2305.17, Revised Code, which prior to July 1, 1962, provided:

''An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Section 1307.08 of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

''Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days.''

This statute adds the requirement that summons must be served before an action is commenced within the meaning of the enumerated sections. The enumerated sections are general limitations of actions.

Since Section 2125.02, Revised Code, is not one of the enumerated sections it would appear that Section 2305.17 does not apply to it. It would then be concluded that service of summons is not necessary to commence such an action within the period required by Section 2125.02, Revised Code, and that an action for wrongful death is commenced when a petition is filed and summons issued as provided by Section 2703.01, Revised Code.

Judge Hart, in his dissent in *Gehelo* v. *Gehelo*, 160 Ohio St., 243, at 247, said:

''* * * Where an action is commenced by the issuance of process, it is commenced as of the time when the writ of summons is properly issued, with a bona fide intention that it be served, although service is not at that time actually had but is later completed. * * *.''

Judge Zimmerman, in his dissent in *Draher* v. *Walters*, 130 Ohio St., 92, at page 98 said:

''I am unable to see how Section 11230, General Code [Sec-

tion 2305.17, Revised Code], has any bearing on a case of this kind. * * *

"The phrase 'within the meaning of this chapter' can only have reference to the chapter in which the section is found, entitled 'Limitation of Actions.' Embraced in that chapter are pure statutes of limitation, which if not pleaded in defense are deemed to be waived. Statutes of this character are quite different from 'special statutory limitations qualifying a given right' to which latter classification Section 10504-32, General Code [Section 2107.23, Revised Code], belongs."

However, the question of whether Section 2305.17, Revised Code, applies to special statutory limitations, such as the wrongful death statute, has been decided in the affirmative in *Draher* v. *Walters, supra* (130 Ohio St., 92), and *Crandall* v. *Irwin*, 139 Ohio St., 253, upon rehearing at 139 Ohio St., 463, where the Supreme Court in its syllabus holds that Sections 11230 and 11231, General Code [Section 2305.17, Revised Code], prescribe the time of commencing *all* civil actions (page 463) and in which the court quoted with approval the language of the trial court as follows: "this conclusion" (that Sections 11230 and 11231, General Code, apply to limitations provided by sections other than those referred to specifically) "is not only in line with the Ohio authorities in analogous cases, but is necessarily true for practical considerations."

In 16 Ohio State Law Journal (1955), under the heading, Commencement of a Civil Action, at page 156, it is said:

"The effect of the decision [*Crandall* v. *Irwin, supra*], of course, is to strike out from Revised Code Section 2305.17 the apparent limitation 'within the meaning of such sections' and to make the rules for determining commencement the same whether the action is a common-law action or created by statute."

Therefore, it would appear that a petition for wrongful death must be filed and the summons issued within the two-year period. In addition, service of summons must be obtained upon the defendant within the two-year period, or if summons is issued within the two-year period a diligent effort must be made and service must be obtained within 60 days thereafter as required by Section 2305.17, Revised Code. We note that Section 2703.09, Revised Code, makes a voluntary appearance of the defendant equivalent to service.

It is not disputed that the petition below was filed and summons issued within the two-year period, thus complying with Section 2125.02, Revised Code, and avoiding the restriction qualifying the right of action recognized by *Sabol, Admr.,* v. *Pekoc, supra* (148 Ohio St., 545), at page 552, where the court said:

"* * * The lapse of more than two years between the death and the filing of the petition defeats the action for the reason that an essential element of the action as established by the statute is absent."

We find also that summons was issued within the two-year period and that entry of appearance by defendant within 60 days thereafter was equivalent to service under Section 2703.09, Revised Code, so that the action was "commenced" as defined by Section 2305.17, Revised Code.

The court below erred in dismissing the action. The judgment is reversed and the cause is remanded for further proceedings in line with this opinion.

*Judgment reversed.*

DONAHUE, P. J., and FRANCE, J., concur.