OPINION
{¶ 1} Appellant Travelers Indemnity Company of Illinois ("Travelers") appeals the decision of the Stark County Court of Common Pleas that found appellees entitled to UIM coverage, in the amount of $ 3 million, under a business auto policy it issued to The Goodyear Tire Rubber Company ("Goodyear"). The following facts give rise to this appeal.
 {¶ 2} This lawsuit is the result of an accident that occurred on April 19, 1996, when an automobile driven by Richard Williams struck Kenneth Fish's motorcycle. Kenneth Fish died as a result of the injuries he sustained in the accident. At the time of his death, Kenneth Fish was survived by two minor children; his mother, Karen Fish; his father, Cecil Fish, Jr.; his sister, Lori Michalec; and two brothers, Jason Fish and James Fish.
 {¶ 3} On October 30, 1996, Karen Fish, as the Administrator of Kenneth Fish's Estate, settled with the tortfeasor, for the policy limits of $12,500 and released his automobile liability insurance carrier, Colonial Insurance Company of California. Travelers was not notified of the settlement and release prior to its execution.
 {¶ 4} The Estate of Kenneth Fish also received UIM benefits from Allstate Insurance Company ("Allstate"), the personal UM/UIM carrier of Karen and Cecil Fish. Allstate paid its UIM coverage limit of $50,000, less a setoff for the $12,500 received from the tortfeasor. Thereafter, on June 22, 2001, appellants filed a declaratory judgment action seeking UIM coverage under various policies. For purposes of this appeal, the policy at issue is an auto liability policy issued by Travelers, to the decedent's father's employer, Goodyear, which provides auto liability coverage in the amount of $3,000,000.
 {¶ 5} Appellees seek a declaration that they are entitled to UIM coverage under the auto liability policy Travelers issued to Goodyear. Travelers and appellees filed motions for summary judgment. On December 17, 2002 and in a nunc pro tunc judgment entry filed on December 19, 2002, the trial court granted appellees' motion for summary judgment and denied Travelers' motion for summary judgment. The trial court concluded the decedent and his estate, Cecil Fish, Jr., Karen Fish and James Fish were entitled to UIM coverage under Travelers' policy.
 {¶ 6} Travelers timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED BY DENYING TRAVELERS' MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF'S (SIC) MOTION FOR SUMMARY JUDGMENT, AND DECLARING THAT THE TRAVELERS' BUSINESS AUTO POLICY ISSUED TO GOODYEAR EXTENDS COVERAGE TO DECEDENT AND HIS ESTATE, CECIL FISH, JR., INDIVIDUALLY; KAREN FISH, INDIVIDUALLY; AND JAMES FISH, INDIVIDUALLY, IN THE LIMIT AMOUNT OF $3,000,000.
 {¶ 8} "II. THE TRIAL COURT ERRED BY FAILING TO HOLD THAT PLAINTIFF'S (SIC) CLAIMS AGAINST TRAVELERS ARE BARRED BY PLAINTIFF'S (SIC) FAILURE TO REBUT THE PRESUMPTIONS OF PREJUDICE CREATED BY THEIR UNREASONABLY LATE NOTICE AND DESTRUCTION OF SUBROGATION RIGHTS.
 {¶ 9} "III. THE TRIAL COURT ERRED BY DECLARING THAT PLAINTIFFS ARE ENTITLED TO UM/UIM COVERAGE UNDER THE TRAVELERS' COMMERCIAL AUTO POLICY ISSUED TO GOODYEAR BECAUSE PLAINTIFFS HAVE NO LEGAL RIGHT TO RECOVER DAMAGES AGAINST A TORTFEASOR, A PRE-CONDITION TO UM/UIM COVERAGE.
 {¶ 10} "IV. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THAT TRAVELERS IS ENTITLED TO A DECLARATION THAT GOODYEAR IS SELF-INSURED IN THE PRACTICAL SENSE AND THE BUSINESS AUTO POLICY ISSUED TO GOODYEAR IS NOT SUBJECT TO R.C. 3937.18.
 {¶ 11} "V. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THAT TRAVELERS IS ENTITLED TO A DECLARATION THAT PLAINTIFFS ARE SUBJECT TO THE $2,000,000 DEDUCTIBLE SET FORTH IN THE BUSINESS AUTO POLICY ISSUED TO GOODYEAR.
 {¶ 12} "VI. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THAT, EVEN IF THE TRAVELERS' BUSINESS AUTO POLICY ISSUED TO GOODYEAR PROVIDES OHIO UM/UIM COVERAGE BY OPERATION OF LAW, SUCH COVERAGE IS ONLY AVAILABLE TO INSUREDS FOR LIABILITY COVERAGE UNDER THE POLICY, AND, SINCE NEITHER THE DECEDENT, NOR PLAINTIFFS KAREN FISH, JASON FISH, JAMES FISH OR LAURIE MICHALEC, AS FAMILY MEMBERS OF A GOODYEAR EMPLOYEE, QUALIFY AS INSUREDS UNDER THE TRAVELERS' COMMERCIAL AUTO POLICY ISSUED TO GOODYEAR, THEY ARE ENTITLED TO UIM COVERAGE.
 {¶ 13} "VII. THE TRIAL COURT ERRED IN ORDERING THIS MATTER TO ARBITRATION FOR A DETERMINATION OF DAMAGES."
 "Summary Judgment Standard" {¶ 14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 16} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 17} It is based upon this standard that we review Travelers' assignments of error.
 III {¶ 18} We will address Travelers' Third Assignment of Error first as we find it dispositive of this matter on appeal. In its Third Assignment of Error, Travelers maintains appellees are not entitled to coverage under its auto liability policy issued to Goodyear because they have no legal right to recover damages against the tortfeasor, which is a precondition to UM/UIM coverage. We agree.
 {¶ 19} Travelers bases its argument on R.C. 3937.18(A)(1)[1], which provides, in pertinent part:
"* * *
 {¶ 20} "For purposes of division (A) of this section, a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. * * *"
 {¶ 21} Travelers maintains appellees are not legally entitled to recover because the two-year limitation period contained in the wrongful death statute, R.C. 2125.02(D), expressly provides that "[a]n action for wrongful death shall be commenced within two years after the decedent's death." Appellees' wrongful death cause of action accrued on April 19, 1996, the date of Kenneth Fish's death. Appellees had until April 19, 1998, in which to file a wrongful death claim. However, appellees did not file this action until June 22, 2001, well beyond the statute of limitations for a wrongful death action.
 {¶ 22} Appellees respond that the phrase "legally entitled to recover" has nothing to do with the statute of limitations of the tortfeasor and the fact that the statute of limitations has expired against the tortfeasor does not mean they are no longer legally entitled to recover. Instead, appellees contend the phrase "legally entitled to recover" means that they are able to prove that the tortfeasor was at fault and as a result of the tortfeasor's negligence, they have been damaged.
 {¶ 23} Our research indicates the phrase "legally entitled to recover" appears, in the first version of R.C. 3937.18, enacted by the General Assembly in 1965. However, the General Assembly never defined the phrase "legally entitled to recover," in R.C. 3937.18, until 1994 when it enacted S.B. 20. This version of R.C. 3937.18 provided that "* * * a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle."
 {¶ 24} Although the statute failed to define the phrase until 1994, the Ohio Supreme Court defined the phrase in 1984. In the case ofSumwalt v. Allstate Ins. Co. (1984), 12 Ohio St.3d 294, which interpreted a pre-S.B. 20 version of R.C. 3937.18, the Court held the phrase "legally entitled to recover" "* * * means that the insured must be able to prove the elements of her claim necessary to recover damages. * * *" Id. at syllabus. In 1991 and 2001, the Court reaffirmed this definition of "legally entitled to recover" in the cases of Kurrent v. Farmers Ins. ofColumbus, Inc. (1991), 62 Ohio St.3d 242 and Ohayon v. Safeco Ins. Co. ofIllinois, 91 Ohio St.3d 474, 2001-Ohio-100.
 {¶ 25} In determining whether appellees are legally entitled to recover UIM benefits under Travelers' auto liability policy, we must first consider whether such claim is made in a negligence case or a wrongful death case. In a negligence case, the injured party's claims are determined by common law; that is, duty, breach of duty, proximate cause and damages. Karafa v. Toni, Cuyahoga App. No. 80664, 2003-Ohio-155, at ¶ 19. The statute of limitations is not an element of a negligence case. Id. Instead, it is a defense to it. Id. "The statute of limitations is a statutory creation designed to limit the exercise of the right to pursue recovery for the damages resulting from the tortfeasor's negligence." Id.
 {¶ 26} Therefore, in a negligence case, if an injured party can prove the elements of his or her claim against the tortfeasor, the injured party has met the requirement that he or she be legally entitled to recover. The failure to preserve the statute of limitations, in a negligence case, does not preclude a claim against the insurance company because failure to do so falls under the issue of subrogation. According to Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, the failure to preserve the statute of limitations' defense requires proof of prejudice.
 {¶ 27} Recently, in the case of Heidt v. Federal Ins. Co., Stark App. No. 2002CA00314, 2003-Ohio-1785, this court addressed the issue of whether the failure to file a lawsuit within the two-year statute of limitations, in a negligence case, precluded coverage because the injured party was no longer legally entitled to recover. Id. at ¶ 45. We analyzed this issue as a failure to protect the insurance company's subrogation rights and remanded the matter, to the trial court, for the court to apply the Ferrando analysis. Id. at ¶ 57.
 {¶ 28} In the case sub judice, appellees' claim is for wrongful death, which presents a different analysis due to the special nature of a wrongful death claim. As early as 1947, the Ohio Supreme Court recognized this distinction in the case of Sabol v. Pekoc (1947), 148 Ohio St. 545. In the Sabol case, the Court explained this distinction as follows:
 {¶ 29} "* * * [T]his wrongful death act creates a right which is unknown to the common law and had never in any way been recognized in Ohio prior to 1851. It is a recognized rule that a statute in derogation of common law, or which gives a right unknown to the common law, must be applied strictly in accord with all its essential terms." Id. at 552.
 {¶ 30} One of the essential terms of Ohio's wrongful death statute is the time frame within which a wrongful death action must be filed. According to R.C. 2125.02(D), an action for wrongful death must be commenced within two years after a decedent's death. The Ohio Supreme Court, in Sabol, has found this two-year requirement to be an essential element of the action. The Court stated:
 {¶ 31} "That language does not strictly constitute a time limitation on the bringing of the action; it expresses an integral element of the right of the action itself and if an action is not brought within two years from the death of the decedent it must fail, not because a statute of limitations provides the time within which it must be brought but because the time limit is of the very essence of the action. If this is so, the time limitation is not merely a matter of defense, which must be raised by demurrer or answer and which is waived if not so raised, but is a condition precedent to bringing the action, and the question can be raised at any time during the progress of the action. The lapse of more than two years between the death and the filing of the petition defeats the action for the reason that an essential element of the action is established by the statute is absent." Id.
 {¶ 32} Thus, the two-year time limitation, in the wrongful death statute, is an element of the claim. Therefore, in order for appellees to be legally entitled to recover damages under Travelers' auto liability policy, they must be able to prove the elements of their wrongful death claim. Appellees are not able to do so because they did not bring a wrongful death action within two years of Kenneth Fish's death.
 {¶ 33} Our review of the case law cited by appellees reveals that only two of the cases cited concern a wrongful death cause of action:Hatcher v. Grange Mut. Cas. Co., (Dec. 14, 1993), Franklin App. No. 93 AP-882 and Ohio Farmers Ins. Co. v. Binegar (Jan. 7, 1994), Montgomery App. No. CA 13906. Both of these cases rely upon the Ohio Supreme Court's decision in Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63. In Lane, plaintiff was involved, in an accident, with an uninsured motorist. Id. at 63. More than two years after the accident, plaintiff sent a letter to her insurance carrier, Grange Mutual Companies ("Grange"), asserting a claim pursuant to the underinsured motorist provisions of her policy. Id. Grange denied the claim because it was not filed within two years of the accident. Id. In doing so, Grange relied upon the following provision of its policy:
 {¶ 34} "* * * No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage * * * unless same is commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred." Id.
 {¶ 35} Plaintiff brought a declaratory judgment action to clarify her rights under the policy. Id. at 63-64. The trial court found the policy language ambiguous and unenforceable. Id. at 64. The court of appeals reversed. Id. On appeal to the Ohio Supreme Court, the Court found Grange's policy did not inform its policyholders the amount of time available for commencement of an action and a person lacking knowledge of the Revised Code would not know that, generally, an action for bodily injury must be commenced within two years. Id. The Court concluded Grange's policy was unclear and ambiguous and failed to shorten the statute of limitations, which on a contract action is fifteen years. Id. at 65.
 {¶ 36} As noted above, both the Hatcher and Binegar cases rely upon the Lane decision. In Hatcher, due to a change in the law, the plaintiff filed a UM claim, on behalf of the decedent's children, three years after the accident causing the death of the decedent. Id. at 1. The insurance company argued that plaintiff was not legally entitled to recover because the time for bringing a wrongful death action against the tortfeasor had expired. Id. at 2. The Tenth District Court of Appeals held in favor of the plaintiff and stated:
 {¶ 37} "Although Revised Code 3937.18 provided no guidance as to the meaning of the phrase `legally entitled to recover damages from the owners and operators of uninsured motor vehicles,' the Ohio Supreme Court has interpreted these words to mean that `* * * the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of the damages.' Undisputedly, plaintiff can establish fault on the part of Jordan [the tortfeasor] giving rise to the children's damages and can prove the extent of these damages." Id. at 3.
 {¶ 38} The court reasoned that the legal effect of the insurer's argument was to reduce from fifteen years to two years the time in which an action may be brought for UM benefits on the insurance contract at issue. The court noted such a reduction is permissible, but may be accomplished only by clear and unambiguous language in the insurance policy. Id. The court further found the policy under consideration did not meet the clear and unambiguous standard, set forth in the Lane decision, because it did not contain a provision which purported to limit the time for brining a claim for UM coverage. Id.
 {¶ 39} The second case cited by appellees concerning a wrongful death cause of action is the Binegar case. In Binegar, the Second District Court of Appeals was asked to determine whether the insurer's policy required, as a condition of UIM coverage, that a timely wrongful death action be brought against the tortfeasor. Id. at 3. In deciding this issue, the court interpreted the following language of the insurance contract: "* * * payment shall be made for `damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury caused by the accident.' " Id. at 5.
 {¶ 40} The Binegar court held that failure to timely file a wrongful death action, against the tortfeasor, does not bar recovery of UIM benefits. Id. Although an insurance company can limit the time in which one may institute an action on contract, the language under consideration did not do so. Id. Specifically, the court determined the clause under consideration did not satisfy the test for clarity set forth in the Lane decision since there was no language, in the clause, to put the insured on notice that the clause established a time limit within which to make a claim for underinsured motorist benefits. Id. Therefore, the court concluded a fifteen year statute of limitations applied. Id.
 {¶ 41} We find both the Hatcher and Binegar cases distinguishable from the case sub judice for the following two reasons. First, both cases fail to apply the definition of "legally entitled to recover" as adopted by the Ohio Supreme Court in the Sumwalt case. In Hatcher, the court referred to the Sumwalt decision but failed to adopt the definition of the phrase, as set forth by the Court, in the syllabus. Instead, the court referred to a Louisiana case cited by the Sumwalt Court and held that "legally entitled to recover" means the plaintiff be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of damages. Hatcher at 2, citing Sumwalt at 295-296.
 {¶ 42} Thus, the Hatcher decision did not use the definition of the phrase "legally entitled to recover" as adopted by the Ohio Supreme Court in Sumwalt. The Supreme Court, in the syllabus of Sumwalt, defined "legally entitled to recover" to mean that the plaintiff "* * * must be able to prove the elements of her claim necessary to recover damages. * * *"
 {¶ 43} Clearly, the definition adopted by the Hatcher decision is less stringent in its requirements than the definition set forth in Sumwalt as it only requires a plaintiff to establish fault, damages and the extent of the damages. Whereas, Sumwalt requires a plaintiff to prove the elements of his or her claim necessary to recover damages. That is, the elements of a claim for bodily injury or wrongful death. In Hatcher, the court concluded plaintiff was legally entitled to recover because the tortfeasor was at fault. Id. However, in reaching this conclusion, the court never considered whether the plaintiff could prove the elements of his claim for wrongful death.
 {¶ 44} In Binegar, the court failed to consider the definition of "legally entitled to recover" as set forth in the Sumwalt decision. Instead, the court found the phrase under consideration failed to satisfy the test for clarity set forth in the Lane decision because the clause contained no language to put the insured on notice that a time limit existed within which to make a claim for UIM benefits. Thus, the Binegar court also failed to determine the issue of whether the plaintiffs were able to prove the elements of their claim for wrongful death.
 {¶ 45} Second, both the Hatcher and Binegar cases are distinguishable because they were decided prior to the effective date of S.B. 20, which was the first version of R.C. 3937.18 to define the phrase "legally entitled to recover." The incorporation of the definition of the phrase into the statute, in 1994, changed the analysis from a contract interpretation to a statutory interpretation. Under a contract analysis, it is basic insurance law that when provisions of an insurance contract are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured who is seeking coverage. Burris v. Grange Mut. Cos. (1989),46 Ohio St.3d 84, 89, overruled on other grounds in Savoie v. GrangeMut. Ins. Co. (1983), 67 Ohio St.3d 500. Thus, under a contract analysis, any ambiguity in the use of the phrase "legally entitled to recover" must be decided in favor of the insured.
 {¶ 46} However, under a statutory analysis, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v. Ohio State Univ. (1996), 111 Ohio App.3d 342, 349. In so doing, however, the court must first look to the plain language of the statute itself to determine the legislative intent. Burrows v. Indus.Comm., 78 Ohio St.3d 78, 81, 1997-Ohio-310; In re Collier (1993),85 Ohio App.3d 232, 237. Thus, if the language used in a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary. Burrows at 80. "It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute." Brooks at 349.
 {¶ 47} Unlike the Hatcher and Binegar cases, the matter sub judice involves a statutory analysis and not a contract analysis since the phrase "legally entitled to recover" is defined in R.C. 3937.18(A)(1). Therefore, we must first determine whether the language used to define the phrase "legally entitled to recover" is clear and unambiguous. We find that it is. The statute specifically provides that, "* * * a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle." Accordingly, we apply the statute as written and no further interpretation is required.
 {¶ 48} In reaching this conclusion, we realize appellees seek UIM coverage under R.C. 3937.18(A)(2). This section of the statute does not contain the "legally entitled to recover" language found in Section (A)(1) of the statute. The legislative history of the statute does not indicate the reason why this language only appears in Section (A)(2). However, we believe it is not contained in Section (A)(2) because, under the normal UIM scenario, when an insured seeks UIM coverage, he or she has already established a right to recover because an insured is not entitled to UIM coverage unless "* * * the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage."
 {¶ 49} Therefore, under the normal UIM scenario, an insured seeking UIM coverage has already established that he or she is legally entitled to recover against either the tortfeasor or his or her own UM carrier where the tortfeasor is uninsured. Accordingly, it was only necessary for the General Assembly to include the "legally entitled to recover" language in Section (A)(1) of R.C. 3937.18, as it pertains to uninsured motorist coverage, because only as to uninsured motorist coverage does the issue of an insured's legal right to recover exist.
 {¶ 50} Further, the Ohio Supreme Court has recognized that:
 {¶ 51} "R.C. 3937.18(A)(1) and (2) are premised on the tortfeasor's legal liability to the injured insured. See Kurrent v.Farmers Ins. of Columbus (1991), 62 Ohio St.3d 242, 581 N.E.2d 533. Thus, the intent of the statute is to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage." (Emphasis sic.) State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397,400.
 {¶ 52} Under a Scott-Pontzer scenario, a plaintiff seeking UIM coverage, who has not previously established the tortfeasor's legal liability, has to establish that he or she has a legal cause of action against the tortfeasor. In the case sub judice, appellees never established the tortfeasor's legal liability by filing a wrongful death action. Instead, appellees settled with the tortfeasor's insurer for the policy limits.
 {¶ 53} Thus, appellees have not yet established that they are entitled to recover UIM benefits because they have not established that they have a legal cause of action against the tortfeasor, which we find is a condition precedent to UIM coverage. Further, for the reasons explained above, appellees can not establish they are entitled to recover UIM benefits because they are unable to prove the elements of their wrongful death claim since the statute of limitations for bringing a wrongful death action has expired.
 {¶ 54} We also find the Lane decision unpersuasive as it does not address the meaning of the phrase "legally entitled to recover"; involves contract interpretation as opposed to statutory interpretation; and pre-dates the S.B. 20 version of R.C. 3937.18.
 {¶ 55} Finally, appellees rely upon the Ohio Supreme Court's decision in Collins v. Sotka (1998), 81 Ohio St.3d 506, wherein, the Court applied the discovery rule to a wrongful death cause of action that stemmed from a murder. Id. at paragraph two of the syllabus. The Court concluded the statute of limitations begins to run when the victims' survivors discover, or through the exercise of reasonable diligence should have discovered that the defendant had been convicted and sentenced for the murder. Id.
 {¶ 56} In reaching this conclusion, the Court explained that a wrongful death claim is not triggered merely by the death of a person, but by "the death of a person * * * caused by wrongful act." Id. at 509, citing R.C. 2125.01(A)(1). "The fact that a body was discovered and/or that a death occurred is irrelevant unless there is proof that a defendant was at fault and caused the death." Id.
 {¶ 57} Appellees do not explain how they would apply the discovery rule to the case sub judice. Even if appellees had provided an explanation, we decline to apply the rule to the facts of this case because it was known, at the time of Kenneth Fish's death, that the tortfeasor was at fault and caused the death. This is evidenced by the fact that the tortfeasor's insurer paid its policy limits. Accordingly, we decline to apply the discovery rule to the wrongful death cause of action. The cause of action for wrongful death, in this matter, accrued on the date of Kenneth Fish's death.
 {¶ 58} Thus, we conclude, under a Scott-Pontzer analysis for UIM coverage pursuant to R.C. 3937.18(A)(2), a person must establish the tortfeasor's legal liability as a condition precedent to UIM coverage. In a wrongful death cause of action, which was not recognized by common law, the two-year time limitation contained in R.C. 2125.02(D) is an element of the claim. Therefore, in order for appellees to be legally entitled to recover UIM damages under Travelers' policy, they must be able to prove the elements of a wrongful death claim. Appellees are unable to do this because they did not bring a wrongful death action within two years of Kenneth Fish's death.
 {¶ 59} Travelers' Third Assignment of Error is sustained. We will not address the merits of Travelers; First, Second, Fourth, Fifth or Sixth Assignments of Error is they are moot based upon our disposition of Travelers' Third Assignment of Error.
 {¶ 60} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed.
By: Wise, J. Farmer, J., concurs.
[1] The S.B. 20 version of R.C. 3937.18 applies since the accident occurred on April 19, 1996. This version of the statute became effective on October 20, 1994.