[Cite as *In re Estate of Boggs*, 2024-Ohio-3321.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER of the ESTATE of FAITH BOGGS, DECEASED; JOSHUA BOGGS, CO-ADMINISTRATOR<br><br>       Appellant | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. John W. Wise, J.<br>Hon. Andrew J. King, J.<br><br>Case No. 2023 CA 0066<br><br>O P I N I O N |

CHARACTER OF PROCEEDING:        Civil Appeal from the Probate Court, Case No. 20201397

JUDGMENT:        Dismissed

DATE OF JUDGMENT ENTRY:        August 28, 2024

APPEARANCES:

For Appellant Joshua Boggs

STEVEN E. HILLMAN
8581 Crail Court
Dublin, Ohio 43017

For Appellee, Joshua Boggs, Co-Adm.

DALE M. MUSILLI
105 Sturges Avenue
Mansfield, Ohio 44903

For Appellee Bruce Boggs, Pro Se

Bruce Boggs
3829 Carberry Drive
Dublin, Ohio 43016

For Appellee Yu-Ching Boggs, Co-Adm.

LAWRENCE COLANTONIO
2885 Prairie Drive
Lewis Center, Ohio 43035

J. JEFFREY HECK
JEFFEREY STIFFLER
1 Marion Avenue
Suite 215
Mansfield, Ohio 44903

For Appellee Yu-Ching Boggs, Individually

MICHAEL INSCORE
2 North Main Street, Suite 703
Mansfield, Ohio 44902

*Wise, J.*

{¶1}   This appeal comes before the Court on the appeal of Joshua Boggs, individually, from the decisions of the Richland County Probate Court distributing the wrongful death proceeds received and awarding attorneys' fees as the result of the death of Faith Boggs.[1]

### FACTS AND PROCEDURAL BACKGROUND

{¶2}   On May 5, 2019, twelve-year-old Faith Runyon Boggs was fatally injured when a Dodge Grand Caravan driven by her stepmother, Stacy Boggs, in Richland County, Ohio, was struck by a Ford F-350 truck driven by Matthew McBride, Jr.  The third-row seat of the van had been removed, and Faith was riding unrestrained in the third-row seat area. Eight people were in the van at the time of the crash.  Three of them died including Faith's stepmother and her nine-month-old step sister.

{¶3}   After the crash, Faith was taken to the hospital where she remained on life support for seven days until May 12, 2019, when she was pronounced deceased.

{¶4}   Faith left her mother, Yu-Ching Boggs, her father, Joshua Boggs, and her minor brother Bruce Boggs as next of kin.

{¶5}   Lawsuits ensued against the tortfeasor. On October 5, 2020, appellant-father Joshua Boggs and appellee-mother Yu-Ching Boggs were appointed co-administrators of Faith's estate for purposes of pursuing a wrongful death and survivor

---

[1] An appeal was also filed by Joshua Boggs as co-administrator of the Estate of Faith Boggs on November 17, 2023 under Case No. 2023 CA 0068.  On April 11, 2024, this Court dismissed the case for want of prosecution.

claim against the tortfeasor in the Richland County Probate Court. They were divorced at the time and living in separate counties.

{¶6} Because of the multiple tort cases filed, the cases were consolidated in the Richland County Common Pleas Court. A mediator was appointed by the Court and in late summer, 2022, a global settlement was reached among the victims of the crash or their representatives.

{¶7} Faith's estate received $315,000 as a result of her death. At the time of Faith's death, she lived with her father in Richland County, Ohio.

{¶8} Mother-appellee and father-appellant suggested competing distributions. Mother-appellee suggested that she receive 87% of the distribution and Faith's brother, Bruce, receive 13%.

{¶9} Father-appellant, on the other hand, suggested that he receive 69% plus fiduciary fees and funeral expenses, 29% to appellee-mother, and 2% to the brother of Faith.

{¶10} On January 18, 2023, the Richland County Probate Court approved the gross settlement of $315,000 and ordered a payment of $84,628.46 to the medical insurance carrier and $1,450.60 to the mediator. That left $228,920.94 for distribution under R.C. Ch. 2125 [wrongful death statutes] to the next of kin of Faith and for attorneys' fees.

{¶11} Because of the competing suggestions for distributions, the matter was set for an evidentiary hearing before Judge Kelly Badnell of the Richland County Probate Court.

{¶12} On January 23, 2023, the first hearing was held. At issue in this hearing was the amount of attorneys' fees to be awarded to Attorney Musilli on behalf of the father of Faith and to Attorneys Heck, Stiffler, Colantonio on behalf of the mother of Faith. Neither set of attorneys had sought prior approval of contingent fees contracts. However, during the hearing, both sets of attorneys provided exhibits indicating a one-third contingency fee arrangement.

{¶13} On April 15, 2023, a second hearing was held. At issue in this hearing was the amount each of Faith's next of kin should receive from the remainder of the wrongful death settlement. Both mother and father testified as well as Faith's brother, Bruce Boggs.[2]

{¶14} On September 6, 2023, the trial court issued two judgment entries.

*Judgment Entry approving and distributing wrongful death and survivor claims.*

{¶15} Judge Badnell issued a sixteen-page judgment entry outlining the testimony and exhibits presented at the evidentiary hearing. It contained findings of fact and conclusions of law and concluded:

> THEREFORE, based on the foregoing, it is the ORDER of this Court that the net proceeds of the settlement in this claim . . . which is the amount of $125,129.58 shall all be allocated to the wrongful death action and none to the survival action. It is ORDERED that the net proceeds are to be distributed to the beneficiaries in the following amounts:

---

[2] No transcripts from these hearings are part of the record. Thus, their regularity is presumed. *Knapp v. Edwards Laboratory,* 61 Ohio St.2d 197, 199 (1980).

$85,000.00 to Yu Ching Boggs;

$30,129.58 to Bruce Boggs;

$10,000.00 to Joshua Boggs.

. . .

IT IS SO ORDERED. *Judgment Entry, Sept. 6, 2023.*

*Judgment Entry approving attorneys' fees.*

{¶16} Judge Badnell issued a twenty-three-page judgment entry outlining the testimony and exhibits presented at the evidentiary hearing. She ordered the payment of $76,790.51 plus expenses to attorneys for mother-appellee and $25,000.00 plus expenses to attorneys for father-appellant. *Judgment Entry, Sept. 6, 2023.*

{¶17} On October 16, 2023, appellee- mother filed the Report of Distribution of Wrongful Death and Survival Claims with the Probate Court. The Report showed the distributions that were made consistent with the Probate Court's entries of September 6, 2023. That Report shows a distribution to Joshua Boggs of $10,000 and a payment of attorneys' fees to Attorney Musilli of $25,000.00. "Pursuant to Entry filed September 6, 2023, the proceeds have been paid as shown below and on the accompanying vouchers."

{¶18} On October 19, 2023, the Probate Court approved the Report.

{¶19} A *Nunc Pro Tunc* judgment entry was issued on November 7, 2023 correcting an error on the October 19, 2023 entry that failed to check the box which discharged the fiduciaries as there were no further assets to administer.

{¶20} On November 15, 2023, appellant filed his notice of appeal seeking to appeal the Probate Court's entries of September 6, 2023, October 19, 2023 and November 7, 2023.

{¶21} Appellant-father claims four assignments of error:

ASSIGNMENTS OF ERROR

{¶22} "1. THE TRIAL COURT ERRED BY USING VARIOUS EMAILS AND DOCUMENTS THAT WERE IN THE MEDIATION IN VIOLATION OF CHAPTER 2710 OF THE REVISED CODE.

{¶23} "2. THE TRIAL COURT ERRED BY CONSIDERING THE DOMESTIC COURT'S SHARED PARENTING PLAN (EXHIBIT 17) SINCE IT WAS INVADING THE SUBJECT MATTER OF THE DOMESTIC COURT.

{¶24} "3. THE TRIAL COURT ERRED IN ATTRIBUTING ANY LIABILITY REGARDING JOSHUA BOGGS OR STACY BOGGS DUE TO THE FAILURE OF RESTRAINTS BEING USED.

{¶25} "4. THE TRIAL COURT ERRED BY FINDING THAT FRIVOLOUS CLAIMS FILED BY ATTORNEYS HICK, STIFFLER AND COLANTONIO SHOULD BE CONSIDERED AS TIME SPENT TO BENEFIT THE DECEASED FAITH BOGGS."

***Notice of Appeal filed November 15, 2023***

{¶26} Prior to addressing the merits of appellant's assigned errors, we must determine whether appellant's appeal is timely. Under App.R. 4(A), in order for an appeal to be timely, it must be filed within thirty days of the issuance of a final appealable order. An appellate court has no jurisdiction to review the matter and the appeal must be

dismissed if a civil action is appealed and it is not timely. *In re. Potter,* 2003-Ohio-4735, ¶ 5 (3rd Dist.).

{¶27}  Appellee argues that appellant's appeal is untimely because it was not filed within thirty days of September 6, 2023 when the Probate Court issued two judgment entries ordering the distribution of the wrongful death proceeds and the award of attorneys' fees.

{¶28}  Appellant, on the other hand, argues that the September 6, 2023 entries of the Probate Court were not final and appealable orders.  Appellant argues that the issue of distribution is not complete until the Probate Court has approved the report of final distribution, released the fiduciary and determined there are no further assets to administer.  Indeed, appellant argues that there is still no final appealable order because twenty cents ($.20) remains pending to distribute, and the Probate Court has not stated in its entry "[T]his is a final appealable order."

### September 6, 2023 entries of the Richland County Probate Court Were Final Appealable Orders

{¶29}  We start our analysis of whether the September 6, 2023 judgment entries of the Probate Court were final appealable orders with the question of whether the orders were entered in special proceedings.

{¶30}  R.C. 2505.02 (B)(2) describes a final order as "An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶31}  A special proceeding is defined in R.C. 2505.02(A)(2):

(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.[3]

{¶32}  The wrongful death statutes were created in 1851 and not recognized at common law.  Therefore, they are special proceedings under R.C. 2505.02.

{¶33}  In *In re Estate of Pulford,* 122 Ohio App. 3d 92 (11 Dist., 1997), a minor child was killed in an automobile accident.  The matter came before the Probate Court on the issue of whether the putative father could share in the proceeds of any wrongful death action as he had taken no steps to be recognized as the legal father.

{¶34}  The Probate Court ruled that he was not entitled to receive any distribution as a result of the child's wrongful death.  The father appealed.  On appeal, the appellee argued the Probate Court's entry was not a final appealable order.

{¶35}  The Court of Appeals found that the probate court's order that appellant was not entitled to share in any wrongful death distribution was an order in a special proceeding.

Unlike the procedure for determining the next of kin, the wrongful death action was statutorily created in Ohio in 1851 and was not recognized at common law. *Sabol v. Pekoc* (1947) 148 Ohio St. 545, 551-552, 36 O.O. 182, 184-185, 76 N.E.2d 84, 87-88, *McCormac, Wrongful Death in Ohio* (1982) I, Section 1.01. *Id. *96.

---

[3] The Code of Civil Procedure was adopted in 1853 and abolished the distinction between actions at law or suits in equity.  *Polikoff v. Adam,* 67 Ohio St.3d 100,105 (1993).

{¶36}  *Mazurek v. Hoover,* 2001-Ohio-2362 (4th Dist.), *1 (A wrongful death action is a special proceeding because a 'special proceeding' as defined by R.C. 2505.02(A)(2) is an action or proceeding that is especially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.); *Tignor v. Franklin County Bd. of Commissioners,* 2001 WL 490593 (10th Dist., 2000) *4 (underlying action for wrongful death and survivorship are final appealable orders because both were created by statute and did not exist in law or equity prior to 1853).

{¶37}  Having determined that a wrongful death action is a special proceeding, we consider whether it affects a substantial right.

{¶38}  A substantial right is defined in R.C. 2505.02)A)(1):

(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

{¶39}  The Ohio Supreme Court has defined a "substantial right" : "[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. *Bell v. Mt. Sinai Med. Cir.,* 67 Ohio St.3d 60, 63 (1993).

{¶40}  In this case, the September 6, 2023 entries of the Probate Court meet the definition of a substantial right.

{¶41}  The judgment entry set forth the amount of attorneys' fees to be deducted from the moneys awarded to Faith's next of kin.  Appellant's assignment of error number 4 disputes the awards ordered by the court.

{¶42} The second judgment entry distributed the proceeds of the settlement to appellant, appellee and Faith's brother. Appellant's assignments of error numbers 1, 2 and 3 dispute the distributions and the manner in which the Probate Court arrived at the distributions.

{¶43} In short, the gist of appellant's appeal reflects his understanding that the September 6, 2023 judgment entries affected his substantial rights. *In re. Estate of Jerson,* 2004-Ohio-5319, ¶ 30 (11th Dist.). ("Each of Motzer's assignments of error challenges the decision of the special master, which was confirmed by the trial court on March 12, 2003. If the March 12, 2003 order was a final appealable order, the instant appeal must be dismissed as untimely filed.").

{¶44} Yet, appellant did not file an appeal from these judgment entries of the Probate Court until November 15, 2023, well after the thirty-day mandate set forth in Appellate Rule 4.

{¶45} The subsequent Report of Distribution and Nunc Pro Tunc entries do not extend the time for filing the appeal. The Probate Court waited until the thirty-day period had expired and the parties had accepted the distribution ordered before it approved the Report of Distribution and discharged the fiduciaries.

{¶46} And finally, we find a recent case from this Court instructive. In *In re Snider,* 2023-Ohio-3576 (5th Dist.), this Court similarly treated the Probate Court's judgment entry ordering distribution as a final appealable order.

{¶47} Decedent died in an automobile accident and a wrongful death action was filed by her mother. The next of kin did not agree on the order of distribution and a hearing

was held.  Following the hearing, the Probate Court issued a judgment entry on January 4, 2023 and awarded appellant daughter $12,000 or 1.4 percent of the distribution.

{¶48}  Appellant-daughter timely appealed the January 4, 2023 judgment entry on January 18, 2023.  This Court treated the judgment entry of the Probate Court ordering the distribution as a final appealable order and accepted jurisdiction.  It reversed the order and remanded the case for further proceedings.  *Id.* ¶ 44.

{¶49}  In this case, we find that the September 6, 2023 entries of the Richland County Probate Court were final appealable orders.  Because appellant did not file his appeal within thirty days of the final appealable orders, his appeal is not timely.  Accordingly, this appeal is dismissed.

By: Wise, J.

Gwin, P. J., and

King, J., concur.

JWW/kt